# Harris v. The State.

## Rape.

(Decided June 6, 1911.  56 South. 55.)

1. *Rape; Elements.* In order to sustain an indictment for rape, it is necessary to prove actual penetration.

2. *Same.*—One who has sexual intercourse with a female, by force and against her will is guilty of rape.

3. *Criminal Law; Former Jeopardy; Conviction by Recorder.*— Where the facts charged constituted a felony, a conviction by the mayor or recorder of a city of an assault, is not a bar to a prosecution for rape. (Sec. 1221, Code 1907.)

4. *Witnesses; Impeachment; Proof of Contradictory Matter.*— Where the prosecutrix testified that the defendant by force and against her will had sexual intercourse with her, and it was claimed by the defendant that on a former trial before the mayor the prosecutrix had testified that the defendant assaulted her but did not have sexual intercourse with her, this was contradictory matter of a material fact in the case, and the defendant was entitled to show if he could, such contradictory statements.

APPEAL from Gadsden City Court.

Heard before Hon. A. H. ALSTON.

Seaborn Harris was convicted of rape and he appeals. Reversed and Remanded.

W. H. STANDIFER and GEORGE D. MOTLEY, for appellant.   No brief reached the Reporter.

RORERT C. BRICKELL, Attorney General, for the State.

DE GRAFFENRIED, J.—Section 1221 of the Code of 1907 provides that no judgment of acquittal rendered by a recorder shall be a bar to a prosecution by the state in any case where the facts or offense charged consti-, tute a felony under the laws of the state of Alabama. It was the manifest purpose of the Legislature, when it adopted the above provision, to free the state from any embarrassment, in a prosecution for a felony, that might arise because of a conviction or acquittal by a recorder of the defendant of a misdemeanor or of a violation of a municipal ordinance which is a misdemeanor under the laws of the state, and which might, in any way, have been involved in or have formed a part of the felony. The defendant's conviction by the mayor of the city of Gadsden was therefore not pleadable as a defense to this indictment.

To sustain an indictment for rape, there must be an actual penetration.—*Waller v. State*, 40 Ala. 325.

One who by force, and againsnt the consent of a female, has sexual intercourse with her, is guilty of rape. —*Lewis v. State*, 35 Ala. 380; *Waller v. State, supra.*

The prosecutrix, Emma Henderson, testified that the defendant, by force and against her will, had two successive acts of sexual intercourse with her on the night of November 13th. She further testified that a few days afterwards the defendant was tried in the mayor's court of Gadsden for assaulting her. She was asked by the defendant if she did not testify, on his trial before the mayor, that he had simply assaulted her and that he had not had sexual intercourse with her on the occasion referred to. She answered that she did not so testify, that no question was asked her about sexual intercourse, and that she had said nothing on the subject. The de-

fendant offered to prove by the chief of police of Gadsden that he was present at said trial before the mayor of Gadsden; that he heard said Emma Henderson testify in said case; and that she did swear on said trial that defendant had simply assaulted her, and that he did not have sexual intercourse with her. The court refused to allow the defendant to make this proof, and the defendant excepted. . In this ruling the court committed reversible error. While, under our statute, mere penetration without more is sufficient to make out the crime of rape, the other elements of the offense concurring, it is now, and has always been, the law, as stated above, that sexual intercourse had with a woman by force and against her will is rape. Contradictory statements made by witnesses as to material matters are admissible for the purpose of impeachment.—*Jones v. State,* 141 Ala. 55, 37 South. 390.

For the error pointed out, this cause is reversed and remanded.

Reversed and remanded.