(102 So. 220)

**BELTON v. STATE. (6 Div. 89.)**

(Supreme Court of Alabama. Dec. 4, 1924.)

1. **Indictment and information** ⊗=19—**Indictment for carnal knowledge of child held sufficient.**

In prosecution under Code 1907, § 7699, for carnal knowledge of girl under 12 years of age, indictment in form specified by section 7161, form No. 31 (25), was sufficient.

2. **Criminal law** ⊗=1144(14) — **In absence of evidence from record, presumed on appeal that rulings on charges were correct.**

On appeal, where evidence is not before court because of absence of bill of exceptions from record, it is presumed that trial court did not err in rulings on charges.

Appeal from Circuit Court, Jefferson County; Fred H. Woodard, Special Judge.

Will Belton was convicted of carnally knowing a girl under the age of 12 years, and he appeals. Affirmed.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MILLER, J. [1] The defendant, Will Belton, was indicted, tried, and convicted for carnally knowing, or for the abuse in the attempt to carnally know, a girl under the age of 12 years, under section 7699, Code 1907. The jury fixed his punishment at imprisonment in the penitentiary for life.

The indictment follows the form (No. 31 [25]) for this offense, which the statute (section 7161, Code 1907) declares is sufficient.

[2] This appeal is on the record proper, without a bill of exceptions, and without the oral charge of the court. The record is regular in form, and follows the requirements of the statutes. We find three written charges in the record, all requested by the defendant. One was given, and two were refused, by the court. The evidence introduced before the jury is not before this court, as there is no bill of exceptions in the record. When the record as to the evidence is in this condition, "this court will presume any state of the evidence which will sustain the giving or refusal of an instruction by the trial court," and we must hold the court did not err in the rulings on charges given and refused. Beard v. Du Bose, 175 Ala. 411, 57 So. 703, 63 So. 318; Lewis L. & L. Co. v. Interstate L. Co., 163 Ala. 592, 50 So. 1036; Shafer & Co. v. Hausman, 139 Ala. 240, 35 So. 691.

The defendant was indicted by the grand jury, and it was returned and filed in the circuit court on September 25, 1923; he was tried, convicted, and sentenced on December

14, 1923. He appealed from this judgment and sentence of the court to this court on December 14, 1923. His sentence was suspended pending this appeal, and it appears he has been in jail, waiting the result thereof, for nearly a year. The record here contains less than five pages. The transcript was certified to on October 28, 1924, and was filed in this court on November 6, 1924, and it was submitted for decision to this court on November 27, 1924. Such delay in the administration of the law, causing unnecessary expense, and, more than this, causing the defendant's confinement in jail for practically a year, is deplorable, and should be remedied.

The record is free from error, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.