178 So. 458

**HARRISON v. STATE.**

5 Div. 249.

Supreme Court of Alabama.

April 15, 1937.

See also Harrison v. State, post, p. 292, 178 So. 460.

A. A. Carmichael, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

Reynolds & Reynolds, of Clanton, for respondent.

BROWN, Justice.

The defendant, Willie Harrison, was convicted of statutory rape, an offense denounced by section 5411 of the Code 1923, which provides that: "Any person who has carnal knowledge of any girl over twelve and under sixteen years of age,

or abuses such girl in the attempt to have carnal knowledge of her, must, on conviction, be punished at the discretion of the jury, by imprisonment in the penitentiary for not less than two nor more than ten years. This section, however, shall not apply to boys under sixteen years of age."

On defendant's appeal to the Court of Appeals the judgment was reversed for alleged errors in the admission of testimony offered by the state.

The indictment on which the defendant was tried charged, in four separate counts substantially in the language of the statute, facts constituting the offense.

The opinion of the court states that the evidence was without dispute that the prosecutrix was, at the time of the alleged acts of sexual intercourse, under the age of sixteen years, and soundly holds that each act of sexual intercourse with a girl of that age by a person of the opposite sex over the age of sixteen years constitutes a separate and distinct offense.

The opinion further holds:

(1) That the state, by proving such act on a specified occasion, had elected to prosecute for that offense, and that "evidence as to subsequent acts of cohabitation, and other subsequent associations, acts, and occurrences, between the parties were [was] inadmissible."

(2) That the court erred in allowing the state to offer evidence going to show that the defendant after his arrest and before his trial made offers of "compromise, or attempt to compromise this case."

The opinion holds that it was permissible for the state to offer evidence that the girl in question gave birth to a child, this "for the purpose of proving a crime and fixing the time."

(3) But that the court erred in permitting the state to offer testimony showing or tending to show that the defendant was the father of the child.

We are not in agreement with the opinion as to said holdings numbered (1), (2), and (3).

■ The first is in conflict with the law as announced in the following cases: Beason v. State, 72 Ala. 191; Carleton v. State, 100 Ala. 130, 14 So. 472; Ex parte State (Brooms v. State), 197 Ala. 419,

73 So. 35; holding that when an indictment embodies several counts each charging an offense, the state does not elect by proving one of such offenses, and may not be compelled to elect as to the act or offense on which it will proceed. Beason v. State, supra, is a case strictly in point.

While this court has not had occasion to consider the question of the admissibility of evidence showing acts of sexual intercourse, subsequent to the act constituting the offense, in cases of statutory rape, we hold that the weight of authority sustains the proposition that it is permissible for the prosecutors to offer evidence of such acts occurring before and after the alleged act on which the indictment is based, as tending to sustain the principal charge by showing the relation and intimacy of the parties. 22 R.C.L. 1205, § 40; People v. Thompson, 212 N.Y. 249, 106 N.E. 78, L.R.A.1915D, 236, Ann.Cas. 1915D, 162; Note, 8 Ann.Cas. 461; Boyd v. State, 81 Ohio St. 239, 90 N.E. 355, 135 Am.St.Rep. 781, 18 Ann.Cas. 441, and note page 443; State v. Sebastian, 81 Conn. 1, 69 A. 1054, 1055.

In the last-cited case the defendant was convicted of the statutory offense of carnally knowing and abusing a female child of the age of fifteen years; the court upheld the admissibility of evidence of subsequent acts committed by the accused upon the same child, for the reason "it went to show the existence of relations between her and the defendant which tended to make the commission of the act of a similar nature, which was the subject of the charge, more probable, and so to confirm her previous testimony. That the accused was under the influence of a sexual passion in respect to this girl in July, which led him then to take advantage of her youth in order to gratify it, was logically relevant to the question whether he gave rein, in the same manner, to such a passion in respect to her, three months before."

■ If such subsequent acts are too remotely related to the act upon which the prosecution is based, in point of time, to be without probative force, such evidence should not be admitted. People v. Thompson, 212 N.Y. 249, 106 N.E. 78, L.R.A. 1915D, 236, Ann.Cas.1915D, 162.

This court in two cases has dealt with the admissibility of evidence going to show an offer of compromise by the accused under indictment for felony.

In Wilson's Case (Wilson v. State), 73 Ala. 527, 532, 533, seduction, the court speaking through Brickell, C.J., said: "Nor is there any possible aspect of the case, in which it was permissible for the State to prove that the defendant was accused of the seduction, and, with ·knowledge of the accusation, sought an adjustment with the prosecuting witness. *The fact of the accusation rested in mere hearsay, and the proposition for an adjustment was not an admission or confession of guilt.* Take it in its largest significance, and it manifested no more than a willingness to compound a criminal accusation for the purpose of avoiding the publicity, odium, and vexation of a prosecution, which is not inconsistent with a consciousness of innocence. There is in criminal cases no species of evidence, the introduction of which is so restrained and guarded, as the admissions or confessions of the accused, whether expressed in words or to be implied from conduct. In civil cases, the rule of law is, that admissions, made with a view of an amicable adjustment, or compromise, are not, as evidence, admissible to affect the party making them. A party knowing himself to be suspected, or to be accused of a criminal offense, negotiating for the suppression of a prosecution, cannot expect that the negotiations will be favored, as negotiations for an amicable settlement of a civil controversy as favored. But such negotiations, *not embodying, or intended to embody a distinct admission or confession of guilt, which, free from the influence of hope or fear, it is not probable the accused would make, ought not to be perverted into evidence against him, inviting the jury to infer from them an admission or a consciousness of crime.*"

In Sanders v. State, 148 Ala. 603, 607, 41 So. 466, 468, it was observed: "The decisions of this state are uniform to the effect that efforts to compromise cannot be proved as admissions against the party making them. *It is true that these decisions have been in civil cases, and in one instance in a quasi criminal case of bastardy.* Martin v. State, 62 Ala. 119. But in a criminal case this court, speaking through Brickell, C. J., applies the same reasoning, and gives cogent reasons why

courts *should be careful about admitting such testimony.* Wilson v. State, 73 Ala. 527. It is true that there is no authority of law for compromising a felony, yet it is a fact that less penalties are sometimes agreed upon between the prosecutor and the defendant, and, however that may be, an effort to compromise is not an admission of guilt." The true reason for excluding an offer of compromise is that it does not ordinarily proceed from ·and imply a belief that the adversary's claim is well founded, but rather a belief that the further prosecution of the claim, whether well founded or not, would in any event cause much annoyance as (and) is preferably avoided by the payment of the sum offered. In short, the offer implies merely a desire for peace, not a confession of wrong done. 2 Wigmore on Evidence, p. 1231, § 1061C.

The holding in these cases does not justify the exclusion of evidence showing a voluntary offer of settlement in a criminal prosecution which embodies an express admission of guilt.

"The test of the relevancy of evidence, it is said by Wharton, is whether it 'conduces to the proof of a pertinent hypothesis; a pertinent hypothesis being one, which if sustained, would logically influence the issue.'" Whitaker v. State, 106 Ala. 30, 17 So. 456.

Applying this test to evidence going to show that the defendant was the father of the child, it supports the affirmative of the issue that the defendant had sexual intercourse with the mother, the prosecutrix.

The propositions embodied in the opinion of the Court of Appeals, numbered (1), (2), and (3), are not in accord with the foregoing and to that extent the opinion is disapproved. This necessitates that the judgment of the Court of Appeals be reversed and the cause remanded there for further consideration not inconsistent with this opinion.

Writ granted; judgment of Court of Appeals reversed.

All the Justices concur.