191 So. 899

**OWENS v. STATE.**

**8 Div. 764.**

Court of Appeals of Alabama.

June 20, 1939.

Rehearing Denied Oct. 3, 1939.

W. L. Chenault, of Russellville, for appellant.

Thos. S. Lawson, Atty. Gen., and Prime F. Osborn, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The evidence in this case is in direct conflict. The prosecutrix testifies to a statement of facts which, if believed by the jury beyond a reasonable doubt, makes out a clear case as charged in the indictment. Per contra, the testimony of the defendant if believed by the jury, while corroborating in some particulars the testimony of the prosecutrix, denies pointedly that there was ever any act constituting the offense.

The testimony of other witnesses, both for the State and the defendant, only tended to corroborate the statement of the one or the other. We have examined the various objections and exceptions as set out in the bill of exceptions, and in no case do we find error on the part of the trial judge prejudicial to the defendant's rights.

The indictment charges rape in the language of the statutory form laid down in the Code, under which a conviction may be had for rape or for any degree less than the highest offense.

Under the law of this State, rape is recognized as a crime existing under the common law for which a penalty has been fixed by Statute, Code of 1923, Section 5407.

The definition of what constitutes rape, therefore, is left to the common law. As there defined, it is the unlawful carnal knowledge of a woman, forcibly, and without her consent. Hooper v. State, 106 Ala. 41, 17 So. 679; Waller v. State, 40 Ala. 325; Harris v. State, 2 Ala.App. 116, 56 So. 55.

There was a time when it was held in early English cases that, under the common law, it was not rape to have sexual intercourse with a child, however young, if she consented, but doubtless recognizing the necessity for the protection of female children Sir Matthew Hale was of the opinion, as expressed in his work on "Pleas of the Crown", page 630, that if the female child was under the age of twelve years, though she consent, the act is rape. A later British Statute made all sexual intercourse with females under ten years punishable, whether the act was with or without consent; and this Statute came to be regarded as a part of the common law, and as such came to us. Since which time, this State raised the age of consent from ten to twelve years of age by Section 5410 of the Code of 1923. Subsequent to the passage of the last cited Statute, the Legislature again dealt with the subject by the enactment of Section 5411 of the Code of 1923; whereby, the age of consent was raised to sixteen years.

The effect of the adoption of Section 5410 and Section 5411 is: (1) to raise the age of consent to sixteen years; and (2) to fix different degrees of punishment on conviction for the offense. The general statute fixing the punishment for

rape provides a punishment of either death or imprisonment in the penitentiary for not less than ten years. Section 5410 raises the age of consent, fixing the same at twelve years. Section 5411 has the effect of fixing the age of consent at sixteen years, and also prescribing a different punishment where the age of the female is between twelve and sixteen years. Under the following decisions of the Supreme Court, which we are charged by law to follow, these Statutes creating new statutory crimes of a kindred nature to rape are nonetheless separate and distinct. Hull v. State, 232 Ala. 281, 167 So. 553; Toulet v. State, 100 Ala. 72, 14 So. 403; Vasser v. State, 55 Ala. 264.

■ It follows, therefore, that sexual intercourse with a female under the age of consent is rape at the common law, or as is fixed by the Statute, whether the act be accomplished against her will or not, or with or without her consent. 52 C.J. 1020 (30)3; Oakley v. State, 135 Ala. 29, 33 So. 693; Thomas v. State, 20 Ala.App. 128, 101 So. 93.

The trial court in his general charge said:

"Under our civil law a party under twenty-one years of age is incapable of binding herself, under the law, by any agreements or contracts that she may enter into and she may afterwards repudiate them, and the law allows her to do it. Now, that rule wouldn't apply here though on this question of consent, but we have got a fixed law on that subject and that is this: I have repeated part of it to you, that one under seven years of age cannot give consent at all. That between the ages of seven and fourteen a girl is prima facie incapable and incompetent of giving consent to sexual intercourse, and though she may give consent and she may connive in the intercourse or in the act, that consent is not recognized by law and it is just as though she hadn't given any consent at all.

"Now, I said that she is prima facie incapable of giving consent in the consideration of a question of rape. Prima facie as used here, means this: that where the evidence shows that the girl is under fourteen and there is no evidence to rebut that, there is no evidence to explain that, there is no evidence to overcome that, that that in and of itself established a want of consent, if it is not met or rebutted in some way. Now, it may be met and it may be rebutted by

evidence and the way you rebut it is to show or have evidence in the case from which you may reasonably conclude that the girl in this case, we will say, was something more and something different from the normal, average girl of her age. If the evidence and the conclusions to be drawn therefrom does not satisfy your minds that she is something more than an average girl of twelve or thirteen, then gentlemen of the jury, that presumption of law has not been met and explained and overcome. It may be overcome by showing that the girl in the instant case, was a girl of the mature mind and discretion and judgment of one of fourteen and above. That, then, if there is any evidence of that, would lift her out of that presumption and put her on a footing with a girl of fourteen. Well, of course, a girl of fourteen or more, so far as a charge of rape is concerned, may give consent; but one under fourteen prima facie cannot, and it takes evidence to overcome that presumption."

The defendant excepted to certain parts of the court's oral charge as follows: "To that part of the court's oral charge that under twenty-one years of age persons are incapable of binding themselves by contract;" "Between the ages of seven and fourteen that a girl is prima facie incapable of giving consent to sexual intercourse;" "When a girl is under fourteen years of age she could not consent unless it is shown that she is something more than a girl of twelve or thirteen years of age, and unless this is shown she cannot give consent."

■ The foregoing excerpts from the court's oral charge do not state the law as applicable to this case. The court was probably led into error by that rule applicable in prosecutions in criminal cases, which declares that a child under seven years of age is conclusively presumed to be incapable of crime, and in cases where the child is over seven and under fourteen years of age it is presumed incapable of crime, unless it be made to appear from the evidence that such child is of a mentality above the average children of that age.

■ A different rule applies in prosecutions for rape and kindred statutory offenses. If the female is over sixteen years of age she may consent, and if the intercourse is had with her consent it is not rape. If, however, the intercourse is had by force

and against her will the offense is complete, and the defendant would be guilty of rape. If the female is under sixteen years of age and sexual intercourse is had, with or without the consent of the female, the statutory offense of carnal knowledge would be complete. The effect of the statutes, hereinabove cited, is to raise the age of consent and to fix a different punishment on convictions for rape and kindred statutory offenses where the intercourse is with the consent of the female, and she is of an age between twelve and sixteen years. If the intercourse is had by force and against the will of the female, there would be no reduction in the punishment.

■ Under the views, hereinabove expressed, the age of the prosecutrix is not a pertinent issue in this case. If her testimony is believed, beyond a reasonable doubt, the defendant would be guilty without reference to the age of the prosecutrix, and the punishment would be as is provided by Section 5407 of the Code of 1923.

The other excerpts from the oral charge of the court and excepted to by the appellant were so fragmentary as not to furnish sufficient data for us to intelligently pass upon them.

In discussing the foregoing, we have intentionally omitted any consideration of a case involving imbecility or insanity on the part of the prosecutrix as not being germane to the case at bar. There being no evidence of either imbecility, or fraud, and etc.

To restate concisely what is herein discussed, it follows:

(1) That the common law against rape is still in force and effect, and to be governed by the rules of evidence applicable in such cases.

(2) Section 5410 of the Code of 1923 has the effect of raising the age of consent from ten to twelve years.

(3) Section 5411 of the Code of 1923 has the effect of raising the age of consent to sixteen years and reducing the punishment where the age of the female is over twelve years of age.

While the last two Sections of the Code, hereinabove cited, have the effect of changing and broadening the common law, they fix the public policy in this State with respect to the crime of rape and kindred offenses.

■ Form 88, Section 4556 of the Code of 1923, is sufficient to charge the offense of rape in all its aspects. If a prosecution is to be brought limiting the charge to a girl under twelve years of age and including an abuse of such girl in an attempt, then the Form would be Form 31, Section 4556 of the Code of 1923. If the prosecution is to be confined to the crime as denounced in Section 5411, it may be done by following the Statute as it appears in the Code.

■ While the portion of the court's oral charge quoted, supra, does not state the law of the case as herein declared, we do not see how such instructions could have injuriously affected the defendant's rights. A part of the court's instruction was entirely irrelevant, but there was a part of it fixing the age of consent at fourteen years provided the girl was of a mentality above the average girl of her age. This last was more favorable to the defendant than he was entitled to under the law, and therefore, he cannot complain.

■ Refused charge 31 was abstract. Moreover, that part of the charge stating a correct proposition of law was included in the court's oral charge to the jury.

■ It is urged in brief of counsel that the court, in his general charge to the jury, did not instruct them as to the law of assault to rape, or attempt to rape, or assault and battery. There was no evidence in this case which would warrant the court in charging the jury with respect to either of the above offenses. The crime was either rape or it was nothing. The court so charged; and in this, there was no error.

■ Refused charges 9, 10 and 11 do state correct propositions of law as applicable to this case. There is no evidence in this case that would warrant the jury in finding a verdict other than one convicting the defendant as charged in the indictment, or in his acquittal. The trial court evidently recognized this in his general instructions, in that he did not instruct the jury that they might find a verdict for any degree of crime less than that charged in the indictment. However, the principles of law announced in these charges were all covered by the court in his general charge, and, therefore, their refusal is not cause for reversal.

All other charges refused by the court were either faulty or they were covered by

the court in his very full and able general charge.

There being no reversible error in the record, the judgment is affirmed.

Affirmed.