171 So.2d 112

Marvin E. MADDOX

v.

STATE.

3 Div. 173.

Supreme Court of Alabama.

Jan. 21, 1965.

Marvin E. Maddox, pro se.

Richmond M. Flowers, Atty. Gen., for respondent.

HARWOOD, Justice.

Marvin E. Maddox, convict, serving a sentence of ten years after his plea of guilty to an indictment charging him with carnal knowledge of Brenda Lou Maddox, a girl under the age of twelve years, has filed a document with this court, purport of which is a desire to be released from prison.

While the prayer of the petition filed in this court asks for the issuance of a writ, taking the petition as a whole it would appear that the petitioner is praying for an original writ of habeas corpus. Viewed in this light the petition is due to be dismissed, in that this court does not issue original writs of habeas corpus unless the Circuit Court has refused to entertain a petition for habeas corpus there.

It appears from the exhibits accompanying the petition filed here that this petitioner heretofore filed a petition for a writ of habeas corpus in the Circuit Court of Montgomery County, Alabama, and that after hearing his petition was dismissed by that court.

In this aspect this document partakes of an appeal from this order.

In his petition for habeas corpus in the Circuit Court, the petitioner states that he "Is in no way attacking the procedure used in his first trial, to keep him from his rightful freedom, but is requesting that the writ of habeas corpus be issued because of the fatal variance in the instrument used to procure the original sentence, that of the indictment."

It is apparently the petitioner's contention both in the Circuit Court, and here, that the indictment is invalid because of its failure to state the time and place of the alleged offense with which he was charged.

The indictment is forwarded as an exhibit to the petition. It is in the form prescribed by Section 259, Form 36 of Title 15, Code of Alabama 1940, and is in every wise legally sufficient. Belton v. State, 212 Ala. 265, 102 So. 220; Owens v. State, 29 Ala.App. 53, 191 So. 899.

It being apparent from the documents filed by the petitioner that the one point which he has sought to raise in the lower court, and also in this court, is without merit, there would be no basis upon which any court could lawfully grant this petitioner any relief. The petition is therefore due to be dismissed and it is so ordered.

Petition dismissed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.