250 So.2d 693

David G. DURHAM

v.

STATE.

1 Div. 6.

Court of Criminal Appeals of Alabama.

Nov. 25, 1969.

Rehearing Denied Dec. 9, 1969.

See also Ala., 250 So.2d 696.

William C. Taylor, Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and Marlin Mooncyham, Asst. Atty. Gen., for the State.

ALMON, Judge.

Appellant was convicted of carnal knowledge of a girl over twelve and under sixteen years of age. Tit. 14, § 399, Code of Alabama 1940. His sentence was ten years.

The indictment was in code form, Tit. 15, § 259(36), Code of Alabama 1940, and charged as follows:

"* * * that, before the finding of this indictment David G. Durham, whose name is to the Grand Jury otherwise unknown than as stated, did carnally know, or abuse in the attempt to carnally know Evelyn Nelson, a girl under the age of sixteen years and over the age of twelve years, against the peace and dignity of the State of Alabama."

Appellant insists that his demurrer should have been sustained because the indictment was vague, did not set out the age of the girl, and failed to fix the date of the commission of the alleged offense. We are not so persuaded. This particular code form of indictment has been held sufficient. Belton v. State, 212 Ala. 265, 102 So. 220; Owens v. State, 29 Ala.App. 53, 191 So. 899; McGuff v. State, 88 Ala. 147, 7 So. 35; Bradley v. State, 21 Ala.App. 539, 110 So. 157; Bryan v. State, 18 Ala. App. 199, 89 So. 894; Miller v. State, 16 Ala.App. 534, 79 So. 314.

The evidence tended to show that the prosecutrix, Evelyn Nelson, lived in the same house with appellant. He was her stepfather and had married Evelyn's mother in 1956. Evelyn testified that he had sexual intercourse with her on several occasions, that "this happened at every op-

portunity that no one was home and that he [appellant] had a chance."

At the beginning of the trial, there was some confusion as to the age of the prosecutrix. There was also confusion as to which particular act of sexual intercourse was the basis of the prosecution. Evelyn initially testified that appellant had sexual intercourse with her on June 13, 1967. It was then realized that she was born January 23, 1951, and was over the age of sixteen on that particular occasion.

This was objected to by the defense counsel and, after discussions outside the presence of the jury, the State then proceeded to offer evidence that appellant had had sexual intercourse with the prosecutrix on December 5, 1966, when the prosecutrix was fifteen years of age. Appellant's attorney insists in brief that it was error for the trial judge to admit evidence of sexual relations which might have occurred either before or after the date the State elected to use as the basis of the prosecution.

We do not think it was error to admit such testimony in view of Harrison v. State, 235 Ala. 1, 178 So. 458. We agree that the State, to meet the requirements of the indictment, should have first introduced evidence of sexual intercourse which occurred on December 5, 1966. However, we do not think this was so prejudicial as to cause a reversal. We conclude that the act committed June 13, 1967 was admissible as tending to show relation and intimacy of the parties and was not so distant in point of time as to be without probative force. The rule is well stated in *Harrison,* supra, as follows:

"While this court has not had occasion to consider the question of the admissibility of evidence showing acts of sexual intercourse, subsequent to the act constituting the offense, in cases of statutory rape, we hold that the weight of authority sustains the proposition that it is permissible for the prosecutors to offer evidence of such acts occurring before and after the alleged act on which the indictment is based, as tending to sustain the principal charge by showing the relation and intimacy of the parties. 22 R.C.L. 1205, § 40; People v. Thompson, 212 N.Y. 249, 106 N.E. 78, L.R.A.1915D, 236, Ann.Cas.1915D, 162; Note, 8 Ann.Cas. 461; Boyd v. State, 81 Ohio St. 239, 90 N.E. 355, 135 Am.St.Rep. 781, 18 Ann. Cas. 441, and note page 443; State v. Sebastian, 81 Conn. 1, 69 A. 1054, 1055.

"In the last-cited case the defendant was convicted of the statutory offense of carnally knowing and abusing a female child of the age of fifteen years; the court upheld the admissibility of evidence of subsequent acts committed by the accused upon the same child, for the reason 'it went to show the existence of relations between her and the defendant which tended to make the commission of the act of a similar nature, which was the subject of the charge, more probable, and so to confirm her previous testimony. That the accused was under the influence of a sexual passion in respect to this girl in July, which led him then to take advantage of her youth in order to gratify it, was logically relevant to the question whether he gave rein, in the same manner, to such a passion in respect to her, three months before.'

"If such subsequent acts are too remotely related to the act upon which the prosecution is based, in point of time, to be without probative force, such evidence should not be admitted. People v. Thompson, 212 N.Y. 249, 106 N.E. 78, L.R.A.1915D, 236, Ann.Cas.1915D, 162."

Rita Nelson, age thirteen at the time of trial and sister of the prosecutrix, was permitted to testify over appellant's objection that in March and May of 1966 her stepfather attempted to have sexual intercourse with her but could not accomplish his purpose because she was too small. An almost identical situation is found in Lee v. State, 246 Ala. 69, 18 So.2d 706, where the Supreme Court held such testimony admissible as follows:

"Over the objections of appellant, Mary Ruth and Jewel were permitted to testify

that on numerous occasions, prior to the time of the alleged abuse of Elese, the appellant proposed to them that they have sexual intercourse with him, and that he put his hands on their breast and genital organs. Ruby's testimony was to the same general effect concerning her relations with her father, and, further, that on many occasions he forced her to have actual sexual intercourse with him.

"Recent discussion of the rule governing the admissibility of evidence of other similar acts and crimes as the one upon which the prosecution is based, as bearing upon the motive, intent, scienter, identity, etc., is found in the cases of Wilkins v. State, 29 Ala.App. 349, 197 So. 75, certiorari denied 240 Ala. 52, 197 So. 81; Henry Daniel, Jr. v. State, 243 Ala. 675, 11 So.2d 756; Curtis Robinson v. State, 243 Ala. 684, 11 So.2d 732; Johnson v. State, 242 Ala. 278, 5 So.2d 632; Jackson v. State, 229 Ala. 48, 155 So. 581.

"Under the rules enunciated in the cases cited, and under the rules announced by the authorities generally, the above testimony of appellant's three daughters was admissible."

The appellant contends that the trial judge erred in denying a written requested charge to the effect that the jury should acquit appellant unless the prosecutrix's testimony was corroborated.

■ We are of the opinion that the age of consent in this State is sixteen years of age when the offense charged is carnal knowledge of a girl over twelve and under sixteen years of age.

The clear implication of the statute denouncing this offense is that a girl under sixteen years of age cannot give legal assent. Therefore, she cannot be particeps criminis in statutory rape and, consequently, no corroboration is necessary. Duncan v. State, 20 Ala.App. 209, 101 So. 472; Brown v. State, 21 Ala.App. 371, 108 So. 625.

For the foregoing reasons, we conclude that the judgment appealed from should be and the same is hereby

Affirmed.