HARRIS, Judge.
Appellant was convicted of carnal knowledge of a girl under the age of 12 years and the jury fixed his punishment at 14 years imprisonment in the penitentiary. Appellant had court-appointed counsel at his arraignment who also represented him at trial. Appellant pleaded not guilty. After sentence was imposed, he gave notice of appeal and requested a free transcript. His request was granted and trial counsel was appointed to represent him on appeal.
The Attorney General filed a motion to strike the transcript of the evidence on the ground the same was not timely filed.
This motion of the Attorney General is due to be granted unless we suspend the rules and accept the reporter’s transcript and consider the case on its merits.
It is, therefore, ordered that under Rule 2(b), the provisions of Rule 11(b) be and the same are hereby suspended and the appeal in this case will be considered on its merits.
The evidence is in sharp conflict. The evidence adduced by the State made a clear cut issue for the jury as to the guilt vel non of appellant. Appellant testified in his behalf and categorically denied that he had ever had sexual relations with the prosecu-trix.
For background information the record reflects that the prosecutrix lived with her parents in Eufaula, Alabama, during the summer months of 1974 and 1975. Appellant lived with his wife, Dorothy Nell Jenkins, in a duplex on Hunter Loop Road in Montgomery, Alabama. Appellant was a second cousin to the prosecutrix. Prosecu-trix had a grandmother living in Luverne, Alabama, during this period. In 1974 the parents of the prosecutrix permitted her to visit in the home of appellant and his wife and at that time the girl was ten years of *135 age. This visit covered a period of two or three weeks. In 1975 when prosecutrix was 11 years of age she again visited in the home of appellant and this visit lasted longer than the visit in 1974. It was during these visits that the alleged acts of sexual intercourse occurred.
According to the testimony of prosecutrix appellant was a truck driver and made a number of long trips hauling cattle. She testified that he carried her on one of these trips, and that she slept in the back of the truck on this trip and that appellant forced sex upon her every night that they were on the trip. She testified that he applied Vaseline on her private parts to help him penetrate her. She further testified that during the period she was staying with the Jenkins in 1974, appellant had sexual relations with her every night that he was at home. She stated that appellant’s wife put Vaseline on her privates, put a pillow under her bottom and held her down with her legs spread apart while appellant penetrated her with his sexual organ. She said that the first time this occurred it hurt her so much that she cried. Prosecutrix further testified that appellant threatened that the “welfare lady” would take her away from her parents if she refused to have sex with him or if she told anybody what was going on. She said this is why she did not tell her mother what had happened to her sooner than she did. Prosecutrix further testified that appellant threatened her with a bullwhip and hit her one time with it, and that he struck her with a belt on one occasion as a warning to keep her from telling her mother.
Prosecutrix further stated that during her visit in appellant’s home during the summer of 1975 appellant had sexual relations with her every night he was at home. She described the forced sexual encounters as occurring in the same way and in the same manner as in 1974.
Prosecutrix further testified that when she returned home in 1975 she told her mother what appellant had done to her. That her mother took her to a doctor and that her private parts were infected.
On cross-examination prosecutrix testified that appellant’s wife took her to a local doctor in Montgomery on two occasions to see if she was pregnant. The doctor gave her some medicine to take. That the medicine was very bitter and she had to take it without any water.
The mother of prosecutrix testified that her husband was a first cousin to appellant. That her daughter went to visit appellant and his wife for about three weeks during the summer of 1974, and approximately five weeks during the summer of 1975. She stated when her daughter returned home from her stay with the Jenkins in 1975, she was sick and had lost a lot of weight.
This witness further testified that in late July of 1975, shortly after her daughter returned from her last visit to appellant’s home, she carried her to the Crenshaw County Hospital Emergency Room for an examination. The following Monday, July 28, 1975, she carried her daughter to a doctor in Luverne. She stated she carried her daughter to the hospital and doctor after prosecutrix had related to her what the appellant had done to her. She further said that when her daughter returned home in 1975, she brought with her a number of empty Vaseline jars.
Following her daughter’s visit to the doctor in Luverne on July 28,1975, she contacted the office of the District Attorney in Montgomery.
Sergeant Clifford King of the Montgomery Police Department, assigned to the Youth Aid Division, testified that he was the affiant on an affidavit to secure the issuance of a search warrant. Based upon this affidavit the Judge of the Municipal Court of the City of Montgomery issued a daytime search warrant of appellant’s home on the Hunter Loop Road. This witness went to appellant’s home to execute the search warrant and found appellant’s wife at home. He showed her the search warrant and conducted a search of the home and found the bullwhip that the prosecutrix testified appellant used to force her to submit to him. The bullwhip was introduced into evidence without objection.
*136 This witness further testified that he knew the doctor that appellant’s wife carried the prosecutrix to for an examination to determine if she was pregnant, and he estimated this doctor to be about 90 years of age.
Appellant called his sister, sister-in-law, and neighbor, all of whom testified that they knew the prosecutrix and had visited in appellant’s home when the girl was there and they had never observed anything unusual or irregular going on at the Jenkins’ home.
Appellant testified that he hauled cattle in trucks all over the country and that he purchased the bullwhip for use in loading and unloading cattle. He denied ever engaging in any sexual activity with the pros-ecutrix. He admitted spanking her with a belt, but claimed that he did so because she was misbehaving. He further admitted that he had served time in the penitentiary for embezzlement and grand larceny.
We note that appellant’s wife was convicted for this same offense and was sentenced to ten years imprisonment in the penitentiary. Her case was appealed to this Court and affirmed on August 31, 1976.
Appellant claims that the trial court committed reversible error in allowing pros-ecutrix’s mother to testify that after talking to her daughter she carried her to the Emergency Room at the Crenshaw County Hospital and then to a doctor in Luverne for an examination. We do not agree. In the first place there was not a single objection to this testimony and this matter is not presented to this Court for review. Knight v. State, 273 Ala. 480, 142 So.2d 899; Nichols v. State, 267 Ala. 217, 100 So.2d 750; Wright v. State, 40 Ala.App. 683, 122 So.2d 555.
In a prosecution for carnal knowledge of a girl under 12 years of age the condition of the genital organs of the prosecutrix after the offense is a relevant inquiry. Malloy v. State, 209 Ala. 219, 96 So. 57.
In a prosecution for carnal knowledge testimony that the victim was infected with a venereal disease was properly admitted on the issue of the corpus delicti and identification. Williams v. State, 224 Ala. 6, 138 So. 291.
An arrest warrant was issued for appellant and the officers went to his residence on the Hunter Loop Road and found that he was working on a job in Hope Hull. Hope Hull is out of the city limits of Montgomery. The officers served the arrest warrant on appellant at Hope Hull but told him that a Deputy Sheriff was on the way to take him into custody. After waiting a few minutes appellant told the police officers that it was not necessary to wait for the arrival of the Deputy Sheriff as he was willing to go with them. En route to Montgomery the officers met the Deputy and turned appellant over to him. Appellant’s counsel filed a motion to quash the arrest warrant on the ground the warrant clerk had no authority to issue it and on the further ground that the warrant was issued without probable cause.
The trial court granted appellant’s motion to quash the arrest warrant but held that there was probable cause to arrest appellant. It was not necessary to grant the motion to quash the arrest warrant.
Over a century ago, the Supreme Court of Alabama held that an arrest may be made by any policeman anywhere within the limits of his county. Williams v. State, 44 Ala. 41; Hutto v. State, 53 Ala.App. 685, 304 So.2d 29.
The trial court properly held that the officers had probable cause to arrest appellant. Thomas v. State, 50 Ala.App. 227, 278 So.2d 230; Title 15, Section 154, Code of Alabama 1940.
Appellant contends that the trial court committed reversible error in overruling his demurrer to the indictment. We do not agree.
This indictment tracks the form prescribed by Title 15, Section 259, form 36, Code of Alabama 1940, and is sufficient. Belton v. State, 212 Ala. 265, 102 So. 220; Owens v. State, 29 Ala.App. 53, 191 So. 899.
*137 Appellant filed a motion for a change of venue and introduced two articles from a local newspaper in support of this motion. Appellant did not present any evidence tending to show that the jury had been prejudiced or influenced in any way by these news articles or any other evidence to show that appellant could not get a fair and impartial trial in Montgomery County.
The case law of this state makes clear that publicity alone is not sufficient to warrant a change of venue. “The law focuses on the impartiality of the trial jury.” Mathis v. State, 52 Ala.App. 668, 296 So.2d 755; Mathis v. State, 280 Ala. 16, 189 So.2d 564; Beecher v. State, 288 Ala. 1, 256 So.2d 154; Beddow v. State, 39 Ala.App. 29, 96 So.2d 175; Payne v. State, 48 Ala.App. 401, 265 So.2d 185.
The refused charges stating correct principles of law were fully and adequately covered in the oral charge of the Court. Title 7, Section 273, Code of Alabama 1940.
We have carefully searched the record for errors injuriously affecting the substantial rights of appellant and have found none. Accordingly, the judgment of conviction is affirmed.
AFFIRMED.
TYSON and DeCARLO, JJ., concur.
BOOKOUT, J., concurs specially.
CATES, P. J., not sitting.