HUBERT TAYLOR, Judge.
Appellant, Julian A. Murphy, filed two petitions for writ of error coram nobis. The first claims that he was convicted with the use of perjured testimony; the second is a claim of ineffective assistance of counsel. After a hearing, both petitions were denied. Murphy brings a consolidated appeal to this court.
*898 In 1977, Murphy was convicted of the crime of carnal knowledge of a female under twelve years of age and the carnal knowledge of a female over twelve, but under sixteen, years of age. The victim and prosecutrix in both cases was Murphy’s daughter. During the hearing on the petition, the daughter, who is now eighteen and was thirteen at the time of the trials, testified that her complaints against her father were lies and that she was forced to lie by her older sister because of ill feelings against the father. She also signed an affidavit to the same effect.
For the writ to be an effective remedy, the basis of the petition must be grounded on facts unknown at the time of the trial, and the State must knowingly have used perjured testimony. Neither of these requirements has been met. From the time the original complaint was filed until the jury reached a verdict, the prose-cutrix changed her story at least three or more times. These inconsistencies were brought out at trial and known to the jury; it was not something newly discovered after the trial. Additionally, there was some physical evidence that supported the inference of Murphy’s guilt. We cannot say, under these circumstances, that the State knowingly used perjured testimony.
Although the testimony of the prosecu-trix at the hearing on petition for the writ appears to be sincere, the writ will not lie for that reason. See Echols v. State, 276 Ala. 489, 164 So.2d 486 (1964); Caldwell v. State, 36 Ala.App. 612, 63 So.2d 384 (1952).
Murphy also raises the issue of ineffective assistance of counsel. During the course of Murphy’s first trial (carnal knowledge of a female under twelve), there was brief testimony by the prosecutrix that her father had intercourse with her when she was eight or nine years old. She vaguely described the event by saying that her father came to her room one morning (date not specified), made her remove her clothes, and had intercourse with her. The major portion of the remainder of the record deals with an incident that occurred after the prosecutrix was twelve years old. That incident was the basis for the complaint that resulted in Murphy’s arrest and a separate trial in which he was found guilty of the carnal knowledge of a female over twelve, but under sixteen, years of age.
Murphy claims that he had ineffective assistance of counsel because his attorney failed to assert his claim of former jeopardy when the second trial commenced. In fact, however, the attorney did file a plea of autrefois convict at the beginning of the second trial; the plea was denied. Murphy was convicted under two different statutes, and the State, as described earlier, made out a prima facie case on the offense charged in the first indictment.
Murphy, however, also urges that his representation was ineffective because there was no motion for a mistrial when the evidence of the subsequent incident-was introduced, and no motion for a new trial at the conclusion of the proceedings, and because his counsel failed to raise the issue on appeal. We disagree.
The law in this State allows the “prosecutor to offer evidence of acts occurring after the alleged act on which the indictment is based as tending to sustain the principal charge by showing the relationship and intimacy of the parties.” Harrison v. State, 235 Ala. 1, 178 So. 458 (1937). In Durham v. State, 47 Ala.App. 89, 250 So.2d 693 (1969), the State introduced evidence of sexual intercourse between the defendant and prosecutrix after she had passed her sixteenth birthday. The State, upon learning her age, introduced evidence of an incident that occurred six months earlier when the victim was fifteen, such later evidence, of course, conforming to the indictment. This court said, “We conclude that the act committed June 13, 1967, [the act occurring six months later] was admissible as tending to show relation and intimacy of the parties and was not so distant in point of time as to be without probative force.” 47 Ala.App. at 90, 250 So.2d at 694.
*899 Harrison, supra, said, “If such subsequent acts are too remotely related to the act upon which the prosecution is based, in point of time, to be without probative force, such evidence should not be admitted.” 235 Ala. at 1, 178 So. at 459. This principle was drawn from People v. Thompson, 212 N.Y. 249, 106 N.E. 78 (1914), in which the court said:
“The acts offered as corroborative may be so remote as to be irrelevant. Remoteness, however, does not necessarily result from mere lapse of time, which is not necessarily an element of it. Its essence is such a want of open and visible connection between the evidentiary and the principal facts that, all things considered, the former are not worthy or safe to be admitted in proof of the latter. If those acts are of a character or were done under conditions not tending to prove the illicit desire and willingness at the time of the offense charged, they should be rejected by the trial judge. If, on the other hand, he deems them so related, by brevity of time or continuity of lewdness or otherwise to the principal act as to justify the inference or as to indicate that the mutual disposition of the parties evidenced by them existed at the time of it, they should be received and submitted to the jury_” 106 N.E. at 79. (Emphasis added.)
In the case sub judice, there was testimony that the acts of lewdness were continuous from the first incident until the time of the complaint. Additionally, the testimony indicated that the various incidents were extremely similar in nature; namely, they occurred in the same manner, in the same house, in the same room, and even in the same bed. The admission of evidence tending to prove an incident outside the scope of the indictment was not error.
Additionally, trial counsel went through a full scale suppression hearing and vigorously objected several times to evidence that he felt was outside the scope of the indictment. Under the circumstances, we cannot say that the conduct of trial counsel reduced the trial to a farce, sham, or mockery of justice. Robinson v. State, 361 So.2d 1172 (Ala.Cr.App.1978).
The judgment of the lower court is affirmed. ■>
AFFIRMED.
All the Judges concur.