The appellant, Leonard Staten, was convicted of rape in the first degree, in violation of § 13A-6-61, Code of Alabama 1975, and was sentenced to 25 years' imprisonment. Two issues are raised on appeal.
The victim in this case testified that the appellant was her mother's boyfriend and that he lived with her at Stonegate Village in Decatur. The victim stated that on Christmas Eve of 1985, while she was eight years old, the appellant told her in a mad voice to go into the bedroom with him. Once inside the bedroom, the appellant pulled out a knife and forced her to undress. The victim's screams alerted her mother, who entered the bedroom and found the appellant on top of her daughter. The appellant showed the victim's mother the knife and told her that if they did not do what he said, he would kill both of them. The appellant then proceeded to have sexual intercourse with the little girl. The victim testified that appellant's penis kept going inside her vagina and her "butt." The mother fainted after trying to get appellant off of her child. No one else could hear the child's screams because the appellant had turned up the stereo "real loud." After the assault, appellant directed the victim to take a bath, after which he tried to have intercourse with her again. The victim ran away from home at that time. The victim also testified that the appellant had tried to have sex with her on two separate occasions in October 1985, but was unsuccessful. Several months later, in July 1986, the appellant drove the victim out to a remote area along the Tennessee River near Decatur, where he had intercourse with her twice. At the time of all of these incidents, the victim was either 8 or 9 years old, and the appellant was 34 years old.
These incidents were not reported to the police until September 1986, because the victim's mother was afraid the appellant would hurt her or her children. Prior to his arrest, appellant admitted these incidents to police. He stated that he did it because the victim's mother had already "had three babies and her vagina was getting loose."
 I
Appellant first contends that the trial court erred in admitting into evidence testimony concerning other alleged incidents of contact between him and the victim. At trial, evidence was presented of the sexual intercourse incident on Christmas Eve of 1985, as well as two other incidents which occurred in October of 1985, and one other incident which occurred in July of 1986. The trial judge, however, instructed the jury that the only offense for which the appellant was being tried was the incident which occurred on Christmas Eve of 1985. The court's charge on the evidence of other crimes was as follows:
 "He [the appellant] is charged with the offense that occurred on or about Christmas Eve, December of '85. You may consider those other incidents only for the purpose of deciding whether or not there was a habit or a pattern to his conduct. They do not in and of themselves, they are not evidence, direct evidence nor evidence that the alleged rape occurred at or about Christmas of '85. They are indirect evidence if you would like to consider it that way, if you believe that happened."
In determining the merits of appellant's argument, we must first turn to the recent case of Anonymous v. State,507 So.2d 972 (Ala. 1987), wherein our Supreme Court provided us with considerable guidance in the area of what prior (or subsequent) bad acts may be proved against an accused in order to prove the charge in the case at bar. In *Page 605 Anonymous, at 973-74, the Supreme Court stated:
 "The general evidentiary principle, long adhered to in Alabama, which must be applied in this case may be stated as follows: In a prosecution for one offense, evidence of collateral crimes or acts is generally inadmissible to prove the guilt of the accused. See Ex parte Cofer, 440 So.2d 1121 (Ala. 1983); Ex parte Killough, 438 So.2d 333 (Ala. 1983); Brasher v. State, 249 Ala. 96, 30 So.2d 31
(1947); Haley v. State, 63 Ala. 89 (1879); Ingram v. State, 39 Ala. 247 (1864). In fact, it has been stated that such evidence is prima facie inadmissible. See Cofer, supra; Brasher, supra; Allen v. State, 380 So.2d 313 (Ala.Crim.App. 1979), cert. denied, 380 So.2d 341 (Ala. 1980).
"As was explained in Cofer:
 " ' "This is a general exclusionary rule which prevents the introduction of [collateral] criminal acts for the sole purpose of suggesting that the accused is more likely to be guilty of the crime in question. This rule is generally applicable whether the other crime was committed before or after the one for which the defendant is presently being tried.
 " ' "This exclusionary rule is simply an application of the character rule which forbids the state to prove the accused's bad character by particular deeds. The basis for the rule lies in the belief that the prejudicial effect of [collateral] crimes will far outweigh any probative value that might be gained from them. Most agree that such evidence of [collateral] crimes has almost an irreversible impact upon the minds of the jurors." '
 "Cofer, 440 So.2d at 1123 (quoting C. Gamble, McElroy's Alabama Evidence § 69.01(1) (3d ed. 1977). . . ."
See also Hill v. State, 538 So.2d 436 (Ala.Cr.App. 1988);Watson v. State, 538 So.2d 1216 (Ala.Cr.App. 1987).
This court is bound by law to follow the decisions of our Supreme Court. Section 12-3-16, Code of Alabama 1975. Applying the principles of the Anonymous case, we are obliged to conclude that this case is due to be reversed. As stated by Judge Patterson, writing for this court in Watson v. State, supra, 538 So.2d at 1222-23:
 "Accordingly, this cause must be reversed and remanded for a new trial. In the event that [the appellant] is retried, the trial court, in all likelihood, will find itself reckoning with a holding of Anonymous not advanced on this appeal. In the interest of judicial economy, we comment on that particular ruling in the context of this case. The Anonymous court's ruling that evidence of the defendant's prior sexual mistreatment of the prosecutrix is inadmissible is a clear departure from the seemingly established law of this state. The general rules allowing, in carnal knowledge prosecutions, incest prosecutions, and rape prosecutions, the admission of evidence showing a defendant's prior or subsequent acts indicating a sexual passion for the prosecutrix are expressed in Gamble, supra, at § 45.11(3), (4), and (5), respectively. Likewise, in Schroeder, Hoffman and Thigpen, Alabama Evidence, § 4-4(8) (1987), the following is observed:
 " '[I]n prosecutions for fornication, statutory rape and sodomy other similar acts are admissible as tending to show the relationships and intimacy of the parties. In rape cases, the state may introduce evidence that the accused made sexual overtures toward the victim before or even after the rape to show that the accused had a 'sexual passion for the victim.' A similar rule applies in incest cases.' (Footnotes omitted.)
 "See also Deason v. State, 363 So.2d 1001, 1005
(Ala. 1978) (wherein the court observed that, in a carnal knowledge case, the prosecution may introduce evidence of sexual relations between the defendant and the prosecutrix before and after the act on which the prosecution is based because such evidence is relevant as showing the relation and intimacy of the parties and as confirming the prosecutrix's testimony); Brasher v. State, 249 Ala. 96, 98-99, 30 So.2d 31, 33 (1947) *Page 606 
(wherein the court noted that '[t]he rule in this jurisdiction, as it is generally, is that in some sexual cases, such as fornication, statutory rape and sodomy, other similar acts between the same parties are admissible as tending to sustain the principal charge by showing the relation and intimacy of the parties'); Harrison v. State, 235 Ala. 1, 178 So. 458 (1937), cert. denied, 235 Ala. 292, 178 So. 460 (1938) (wherein the court held that it is permissible to admit evidence showing acts of sexual intercourse, which occurred before and after the incident upon which the indictment for statutory rape rested, as tending to sustain the principal charge); Murphy v. State, 444 So.2d 897, 898-99 (Ala.Cr.App. 1984) (wherein the court followed Harrison v. State); Hammes v. State, 417 So.2d 594, 596-97 (Ala.Cr.App. 1982) (wherein the court, in reviewing the appellant's conviction of rape in the second degree of his daughter, held that his daughter's testimony about her father's prior sexual misconduct toward her was properly admissible under Ex parte Deason); Durham v. State, 47 Ala. App. 89, 250 So.2d 693 (1969), cert. denied, 287 Ala. 731, 250 So.2d 695 (1970) (wherein, in a carnal knowledge case, the court followed Harrison
in affirming admission of evidence of subsequent sexual relations); Hunt v. State, 44 Ala. App. 479, 213 So.2d 664, cert. denied, 282 Ala. 727, 213 So.2d 666 (1968) (wherein the court followed Brasher and Harrison); and Skinner v. State, 36 Ala. App. 434, 60 So.2d 363, cert. denied, 258 Ala. 713, 60 So.2d 367 (1952) (wherein the court cited 27 Am.Jur. Incest § 15, for the proposition that in a prosecution for incest, evidence of incestuous intercourse between the parties other than those charged in the indictment is, if not too remote, admissible).
 "Evidently, in ruling that 'there exists no exception upon which the admissibility of the testimony concerning the prior sexual mistreatment of the defendant's [daughter] could be based,' 507 So.2d at 975, our supreme court in Anonymous implicitly overruled the cited holdings of the above cases. Moreover, since this evidence of prior sexual acts with the victim is characterized as evidence of motive, see Gamble, supra, at § 45.11, the Anonymous court implicitly has rejected the proposition, stated in McDonald v. State, 241 Ala. 172, 174, 1 So.2d 658, 660 (1941), that evidence of motive, even though motive is not an element of the crime, is always admissible." (Footnote omitted.)
Accordingly, this cause must be reversed and remanded to the circuit court for a new trial or other proceedings not inconsistent with this opinion.
 II
The appellant raises one other issue that is not rendered moot by this decision. In the interest of judicial economy, we will address that issue now. The appellant contends that the trial court erred in receiving into evidence his oral and written statements to the police.
All extrajudicial confessions are presumptively involuntary and thus inadmissible, although the presumption may be overcome by evidence that the confession was voluntarily given and that the accused was informed of his Miranda rights before making any statements. Adams v. State, 484 So.2d 1160, 1164
(Ala.Cr.App. 1985); Moore v. State, 469 So.2d 1308, 1309
(Ala.Cr.App. 1985). Whether a waiver is voluntarily, knowingly, and intelligently made depends upon the particular circumstances of each case, including the background, experience, and conduct of the accused, i.e., the totality of the circumstances. Magwood v. State, 494 So.2d 124, 135
(Ala.Cr.App. 1985), aff'd, 494 So.2d 154 (Ala. 1986), cert.denied, 479 U.S. 995, 107 S.Ct. 599, 93 L.Ed.2d 599 (1987). The question of whether a confession or inculpatory statement was voluntary is one of law, to be determined by the trial judge.Marschke v. State, 450 So.2d 177, 178 (Ala.Cr.App. 1984); Myersv. State, 401 So.2d 288, 291 (Ala.Cr.App. 1981). Such a finding will not be disturbed on appeal unless it appears contrary to the great weight of the evidence or is manifestly wrong.Marschke, supra, 450 So.2d at 178; Minor v. State, *Page 607 
437 So.2d 651, 655 (Ala.Cr.App. 1983); Balentine v. State,339 So.2d 1063, 1070 (Ala.Cr.App.), cert. denied, 339 So.2d 1070 (Ala. 1976).
Here, the record reflects that appellant was fully informed of his Miranda rights on two separate occasions before he made a statement. Appellant indicated to officers on each of these occasions that he understood his rights. Additionally, appellant signed a waiver of rights form and initialed both pages of his statement to police. Officer Long further testified that appellant was coherent when he made his statement, and that he did not appear to be intoxicated. He went on to state that he did not promise appellant anything and did not coerce or threaten him in any way whatsoever to obtain a statement.
After the statement was received and the State rested its case, the appellant took the stand in his own behalf. He testified that he was tricked and forced into making a statement and that the statement received into evidence did not contain everything he said to the police. This testimony affected only the weight and credibility of the confession evidence. See Womack v. State, 435 So.2d 754, 761
(Ala.Cr.App.), aff'd, 435 So.2d 766 (Ala. 1983), cert. denied,464 U.S. 986, 104 S.Ct. 436, 78 L.Ed.2d 367 (1984); Hobbs v.State, 401 So.2d 276, 282 (Ala.Cr.App. 1981).
For the reasons set out in Part I of this opinion, we must reverse and remand this cause to the circuit court for a new trial or other proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.