## PEOPLE v. BILLS.

(Supreme Court, Appellate Division, Fourth Department. January 6, 1909.)

1. RAPE (§ 54*)—PROSECUTION—CORROBORATION OF FEMALE—NECESSITY.

In a prosecution for rape, where the testimony of the raped female is not supported by other evidence, there can be no conviction, under the express provisions of Pen. Code, § 283.

[Ed. Note.—For other cases, see Rape, Cent. Dig. §§ 83, 84; Dec. Dig. § 54.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. RAPE (§ 51*)—PROSECUTION—SUFFICIENCY OF EVIDENCE.

Evidence *held* not sufficient to sustain a conviction of rape.

[Ed. Note.—For other cases, see Rape, Cent. Dig. §§ 71–77; Dec. Dig. § 51.*]

3. CRIMINAL LAW (§ 369*)—EVIDENCE—EVIDENCE OF OTHER OFFENSE.

On a prosecution for rape, charged to have been committed July 15, 1904, evidence of intercourse in October, 1904, and proof that accused had said that he had been charged with a like crime committed upon another daughter, she being under 18 years of age, and that he had been convicted and had served a term in state's prison therefor, was incompetent, and calculated to improperly influence the jury.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 369.*]

4. CRIMINAL LAW (§ 317*)—FAILURE OF ACCUSED TO TESTIFY.

The fact that accused, in a prosecution for rape, did not testify, should not be considered against him.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 732; Dec. Dig. § 317.*]

McLennan, P. J., dissenting.

Appeal from Herkimer County Court.

Clinton J. Bills was convicted of rape in the second degree, and he appeals. Reversed, and new trial ordered.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Francis C. Raines, for appellant.

Rush F. Lewis, for respondent.

WILLIAMS, J. The judgment should be reversed, and a new trial granted. The charge was that the defendant committed the crime upon his daughter Althea, who was 13 years old. The defendant was not sworn as a witness. The daughter testified in a way to the commission of the offense; but her testimony was not supported by other evidence, and therefore no conviction could be had, as provided by section 283, Pen. Code. The evidence of the physicians showed that the complainant had for some time been having sexual intercourse with men; but it wholly failed to connect the defendant with such intercourse. The evidence of defendant's talks about the complainant with other people in no manner tended to show that he had been guilty of the crime. He in no way confessed or admitted it. So that there was no sufficient evidence to sustain a verdict of guilty.

In addition to this reason for reversal of the judgment, reversible errors were committed in the trial of the case. The indictment charged the offense as July 15, 1904, and proof was given of intercourse in October, 1904. Proof was also permitted to be given that defendant said he had been charged with a like crime committed upon another daughter, she being under 18 years of age, and that he had been convicted and had served a term in state's prison therefor. All this evidence was under objection, was clearly incompetent, and must have improperly influenced the jury. It is suggested that the defendant was clearly guilty of the offense charged, and therefore we should overlook errors that may have been committed on the trial, and affirm the judgment. It is not for this court to determine the question of

fact against the defendant. The defendant was not sworn upon the trial; but that fact should not be considered against him. The evidence of the complainant was not very satisfactory. It seems quite probable, from the evidence in the case, that she had had intercourse with other men than the defendant, and, even if the people were of a low degree of morals, it is not to be assumed or inferred upon inadequate evidence that they were so low as to be guilty of incest, which is the real crime charged, and that he was desirous of such intercourse, and his daughter consented to it.

It is further suggested that the defendant has been in state's prison now for some years, and under the rules of the prison will soon have completed his term, and for this reason it would be better to affirm the judgment, and not subject him to a new trial and possible conviction and sentence again to prison. This suggestion leaves out of account that this conviction and judgment entered thereon is a disgrace to the defendant, which, if improper, should be reversed, and reversed for the records of the court, and the defendant is entitled to this relief from the court. But, beyond these suggestions, we are unwilling to affirm a judgment so clearly erroneous as· this one is. A defendant, no matter how low he may be, is entitled to the protection of the law, and to his rights of personal liberty.

Judgment reversed and new trial granted. All concur, except McLENNAN, P. J., who dissents.