COURT OF APPEALS,

July 14, 1914.

# THE PEOPLE v. JOHN THOMPSON.

(212 N. Y. 249.)

(1.) RAPE*—EVIDENCE—WHEN TESTIMONY OF SUBSEQUENT OFFENSES UPON THE PERSON OF THE FEMALE INVOLVED RELEVANT.

It is a general rule that it is error to receive evidence that an accused has committed a criminal offense other than that charged in the indictment as proof of the offense charged. This rule has, however, exceptions in those cases in which the evidence offered has a natural tendency to corroborate or supplement other admitted direct evidence.

(2.) SAME.

In prosecutions for adultery, seduction, statutory rape upon one under the age of consent and incest, acts of sexual intercourse between the parties prior to the offense charged in the indictment may be given in evidence. Acts subsequent to the act charged in the indictment reasonably indicating a continuity of the lascivious disposition are also relevant, subject, however, to the rule that when the admissibility of evidence depends upon collateral facts, the regular course is for the trial judge to pass upon the fact in the first instance, and then, if he admits the evidence, to instruct the jury as to its purpose and effect and direct them to exclude it if they should be of a different opinion on the preliminary matter.

(3.) SAME.

Upon the trial of an indictment for rape in the second degree, alleged to have been perpetrated with a female under the age of consent, the female involved gave testimony as a witness for the prosecution in proof that the offense charged in the indictment was committed, and additionally, under the overruled objection and ex-.

* See Note Vol. 5, p. 251; Vol. 6, p. 178; Vol. 24, p. 7.

ception of the defendant, was permitted to testify that subsequent to the commission of it the defendant had sexual intercourse with her on other occasions. *Held*, that the testimony was properly received.

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered March 6, 1914, reversing a judgment of the Kings County Court rendered upon a verdict convicting the defendant of the crime of rape in the second degree and granting a new trial.

The facts, so far as material, are stated in the opinion.

*James C. Cropsey, District Attorney (Edward A. Freshman* of counsel), for appellant. There was no error in the reception of the testimony as to other similar acts. (1 Whart. Cr. Law [11th ed.], § 735; People v. Grauer, 12 App. Div. 464; Underhill's Crim. Ev. [2d ed.] § 381; People v. Freeman, 25 App. Div. 583.)

*David F. Price* and *George W. Martin* for respondent. The learned trial court erred in admitting testimony of subsequent offenses to the one charged in the indictment committed by the defendant upon the person of the complainant. (People v. Robertson, 88 App. Div. 198; People v. Flaherty, 162 N. Y. 532; People v. Bills, 129 App. Div. 798; People v. Freeman, 25 App. Div. 583; People v. Watkins, 23 App. Div. 253; People v. Koerner, 154 N. Y. 355; People v. Smith, 172 N. Y. 210; People v. Wolf, 183 N. Y. 464; People v. O'Sullivan, 104 N. Y. 481; People v. Estell, 106 App. Div. 516.)

COLLIN, J.:

The defendant was convicted of the crime of rape in the second degree under the provision of the Penal Law: " A person who perpetrates an act of sexual intercourse with a female, not

his wife, under the age of eighteen years, under circumstances not amounting to rape in the first degree, is guilty of rape in the second degree, and punishable with imprisonment for not more than ten years." (Section 2010.)

The female involved gave testimony, under her direct examination as a witness for the prosecution, in proof that the offense charged in the indictment was committed, and additionally, under the overruled objection and exception of the defendant, that subsequent to the commission of it the defendant had sexual intercourse with her four or five times. Because of the reception of this evidence the Appellate Division, as appears from the memorandum opinion there pronounced, reversed the conviction, holding that " the court erred in admitting testimony as to subsequent offenses by the defendant upon the person of the female involved," and granted a new trial. We do not agree with the Appellate Division in the view thus taken.

It is a general rule that it is error to receive evidence as proof of the offense charged that an accused has committed a criminal offense other than that charged in the indictment. Evidence which tends only to prove collateral facts and has not a natural tendency to establish the fact in controversy, should be excluded because (a) it would have a tendency to withdraw and mislead the attention and deliberation of the jury from the real issue under inquiry, and (b) would subject the accused to charges unconnected with that issue and against which he had no reason to prepare a defense. (People v. Grutz, 212 N. Y. 72; People v. Molineux, 168 N. Y. 264, 291; 16 N. Y. Crim. 120; People v. Sharp, 107 N. Y. 427, 456, 466; 5 N. Y. Crim. 569; People v. McLaughlin, 150 N. Y. 365.) This rule has, however, exceptions in those cases in which the evidence offered has a natural tendency to corroborate or supplement admitted direct exidence. (People v. Duffy, 212 N. Y. 57; People v. Molineux, 168 N. Y. 264, 293; People v. Neff, 191

N. Y. 210; Rex v. Bond, 21 Cox C. C. 252; People v. Dolan, 186 N. Y. 4; 20 N. Y. Crim. 378; People v. Katz, 209 N. Y. 311, 326; 29 N. Y. Crim. 444; People v. Peckens, 153 N. Y. 576, 594; People v. Doty, 175 N. Y. 164; 17 N. Y. Crim. 366; People v. Marrin, 205 N. Y. 275; 27 N. Y. Crim. 197; People v. Place, 157 N. Y. 584, 598; People v. Shea, 147 N. Y. 78, 99; 10 N. Y. Crim. 1; Mayer v. People, 80 N. Y. 364.) And the doctrine is now well, if not universally, established that in prosecutions for adultery, seduction, statutory rape upon one under the age of consent and incest, acts of sexual intercourse between the parties prior to the offense charged in the indictment may be given in evidence. The reason or reasons sustaining the doctrine may be apprehended by recent statements of the courts in applying it. In Director of Pub. Pros. v. Ball (6 Crim. App. Rep. 31), a case of incest, evidence tending to show acts prior to and of the character of that charged was received. The Court of Criminal Appeal reversed the conviction on account of its reception (5 Crim. App. Rep. 238) and was in turn reversed by the House of Lords, for whom the Lord chancellor said: " I consider that this evidence was clearly admissible on the issue that this crime was committed, not to prove *mens rea*, as Mr. Justice DARLING considered, but to establish the guilty relations between the parties, and the existence of a sexual passion between them as elements in proving that they had illicit connection in fact on or before the dates charged. Their passion for each other was as much evidence, as was their presence together in the bed, of the fact that when there they had guilty relations with each other. I agree that the courts of law ought to be very careful to preserve the time honored law of England that you cannot convict a man of one crime by proving that he has committed some other crime. That, and all other safeguards of our criminal law will be jealously guarded, but here I think the evidence went directly

to prove the actual crime for which these parties were indicted."
In Boyd v. State (81 Ohio St. 239), a case of incest, evidence of
sexual intercourse between the parties through the two months
last prior to the date of the act charged was held relevant as
tending to establish the particular act in controversy, because
it showed the relation and familiarity of the parties, their dis-
position and antecedent conduct toward each other, and was
corroborative of the testimony of the prosecuting witness.   In
State v. Schueller (120 Minn. 26), a case of statutory rape, the
reception of similar evidence was approved on the theory of dis-
closing the relationship between the parties, opportunity and
inclination to commit the act complained of, and as corrobor-
ative of the specific charge.   The reasoning and conclusion of
such decisions have our approval.

The judicial decisions are not, however, in harmony in
determining the question whether or not illicit acts subsequent
to that charged are relevant and admissible in cases of the charac-
ter above mentioned.   While this court has not directly consid-
ered it, courts of the state have answered it in the negative,
(People v. Robertson, 88 App. Div. 198; People v. Farina, 134
App. Div. 110; People v. Bills, 129 App. Div. 798.)   The re-
spondent cites the case of People v. Flaherty (162 N. Y. 532; 15
N. Y. Crim. 11).   It is weightless as to the question under con-
sideration.   The error found in it was that the defendant
throughout the seven days of the trial was unable to ascertain
which of seven offenses testified to by the complainant he was
indicted and to be tried for.   (See, also, State v. Acheson, 91
Me. 240.)   In People v. Freeman (25 App. Div. 583; affd.,
156 N. Y. 694, on the opinion below) the defendant was con-
victed of the statutory crime of rape in the second degree com-
mitted on January 13, 1894.   Evidence of acts of a similar
character between the same parties intermediate May 9 and
June 11, 1894, was admitted against the objection and excep-
tion of defendant.   There was no proof of familiarity or as-

sociation between them within the period from January 13 to May 9, 1894. It was held that, giving full effect to the principle that subsequent acts of a similar character may show the adulterous disposition of the parties and corroborate the proof that the specific act charged was committed, the subsequent acts testified to had not such connection with or relation to the antecedent act as to show a mutually amorous disposition between the parties on January 13, 1894, the court saying: "Doubtless the extent to which such testimony may be admitted must in a large measure be determined by the trial judge in the exercise of a sound discretion. But there are bounds to his discretion. The evidence offered must at least have a legitimate tendency to show a lewd or adulterous disposition between the parties at or about the time when the offense is laid in the indictment." (p. 587.) The reasoning of the Freeman case is sound and salutary. The preponderance of judicial opinion now is that acts subsequent to the act charged in the indictment (as well as those prior to it) reasonably indicating a continuity of the lascivious disposition are relevant; subject, however, to the rule that when the admissibility of evidence depends upon collateral facts, the regular course is for the trial judge to pass upon the fact in the first instance, and then, if he admits the evidence, to instruct the jury as to its purpose and effect and to exclude it if they should be of a different opinion on the preliminary matter. The question for the jury throughout the trial is, is the defendant guilty of the specific offense charged in the indictment, but when that offense involves illicit sexual intercourse by consent, subsequent offenses of like character between the parties may be relevant, because the extreme intimacy and the amorous inclination and willingness evidence by its commission are a growth preceding the offense and are rather nourished that annihilated by their exercise. They do not suddenly arise and are not likely

to suddenly disappear; hence it is that their indulgence prior or subsequent to the specific occasion charged may tend to increase and strengthen the proof as to that occasion. The acts offered as corroborative may be so remote as to be irrelevant. Remoteness, however, does not necessarily result from more lapse of time, which is not necessarily an element of it. Its essence is such a want of open and visible connection between the evidentiary and the principal facts that, all things considered, the former are not worthy or safe to be admitted in proof of the latter. If those acts are of a character or were done under conditions not tending to prove the illicit desire and willingness at the time of the offense charged, they should be rejected by the trial judge. If, on the other hand, he deems them so related, by brevity of time or continuity of lewdness or otherwise to the principal act as to justify the inference or as to indicate that the mutual disposition of the parties evidenced by them existed at the time of it, they should be received and submitted to the jury under the proper charge. The question of remoteness, to be decided in the first instance by the trial judge, as already stated, must depend upon all the considerations, including time, the character of the evidence and all the surrounding circumstances which in his opinion ought to have a bearing upon its worthiness to be brought into the consideration and determination of the matter in contention. (State v. Kelly, 77 Conn. 266.) Upon principle and under the best-reasoned judicial decisions, the ruling of the trial court under review was correct. (Thayer v. Thayer, 101 Mass. 111; Sullivan v. Hurley, 147 Mass. 387; Taft v. Taft, 80 Vt. 256; State v. Sebastian, 81 Conn. 1; State v. Bridgman, 49 Vt. 202; State v. Williams, 76 Me. 480; People v. Gray, 251 Ill. 431; State v. Moore, 115 Iowa, 178; State v. Leek, 152 Iowa, 12; People v. Koller, 142 Cal. 621; State v. Markins, 95 Ind. 464; State v. Hibbard, 76 Kans. 376; Lanphere v. State, 114 Wis. 193; Leedom v. State,

81 Neb. 585; Sykes v. State, 112 Tenn. 572; State v. Brown, 85 Kans. 418; State v. Sysinger, 25 S. Dak. 110; Levy v. Territory, 13 Ariz. 425.) A scrutiny of the record and briefs discloses no other exception which requires consideration in this opinion.

The judgment appealed from should be reversed and the judgment of conviction affirmed.

WILLARD BARTLETT, Ch. J., WERNER, MILLER and CARDOZO, JJ., concur; HOGAN, J., concurs in result; HISCOCK, J., absent.

Judgment accordingly.