THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES R. JOHNSON, Appellant.

Third Department, July 15, 1971.

*Louis J. Casella, Public Defender,* for appellant.

*Patrick D. Monserrate, District Attorney,* for respondent.

SIMONS, J.   This is an appeal from a judgment of the County Court of Broome County upon a verdict convicting the defendant of two counts of the crime of rape in the first degree (Penal Law, § 130.35, subd. 1).

The defendant was indicted for the crime of first degree rape committed on the person of Lindy Peterson, age 17, and two counts, first degree rape and second degree rape (Penal Law, § 130.30) committed on the person of Cathy Lord, age 13.   The evidence was that on the evening of May 3, 1970 at about 9:00 P.M. in the evening, defendant, age 26, and Bobby Carter, both negroes, and both known to the two complainants, who were white girls, met them in front of Cathy Lord's home, took them for a walk which ended on the Erie Lackawanna Railroad tracks in Binghamton and there, it is charged defendant raped Lindy Peterson twice and Cathy Lord twice, and Bobby Carter raped Lindy Peterson once.

Upon the trial, the prosecution, over objection, was allowed to elicit testimony from Lindy Peterson that in January, 1969 the defendant and Lindy had engaged in consensual sexual intercourse at a time when she was only 15 years old.   She also testified, over objection, that on two occasions, in January, 1969 and June, 1969, the defendant had hit her with his fists.

The receipt of the testimony with respect to the prior intercourse was error.   There was no issue of consent raised by the defendant.   His counsel did not make any opening to the jury and defendant never admitted participating in the sexual acts that evening.   The use of this evidence improperly prejudiced the defendant by showing the jury that 17 months earlier he had committed an act with Lindy Peterson, then a virgin, similar to the one he was charged with committing against Cathy Lord, who had been a virgin before the crime allegedly occurred.   Even though that prior act was consensual, the jury was alerted to its criminal nature by the court's charge on the rape of Cathy Lord under the third count of the indictment.   It is fundamental that evidence of crimes not charged in the indictment may not

be established to prove the defendant has a propensity toward crime. (*People* v. *Goldstein,* 295 N. Y. 61; *People* v. *Molineux,* 168 N. Y. 264.) Previous consensual sexual activity between the victim and the defendant may be received, in an appropriate case, to show a mutual disposition of the parties at the time of the act where the act itself is a crime whether consensual or not. (See *People* v. *Thompson,* 212 N. Y. 249; *People* v. *O'Sullivan,* 104 N. Y. 481.) Thus, while it could have been relevant in the case involving Lindy Peterson if defendant had placed in issue the question of consent (*Woods* v. *People,* 55 N. Y. 515; Richardson, Evidence [9th ed.], § 159) under the circumstances presented, it served no purpose except to prejudice the jury in their determination of the case. The evidence was not relevant to the indictment involving Cathy Lord in any event. The defendant in *People* v. *Grauer* (12 App. Div. 464), cited by the dissent, was convicted of statutory rape, not forcible rape, and the evidence of prior intercourse involved the same crime.

We view the testimony concerning the defendant's assaults on Lindy in 1969 differently. The evidence was that at the railroad tracks the defendant pulled Lindy to the ground, straddled her and placed his hand over her mouth and nose and also on her neck, choking her, and threatening her with physical violence if she did not submit. Similar force was used on Cathy. The evidence of the events during the approximately 45 minutes the participants were walking together before the crime took place raised grave doubts concerning the credibility of the girls' testimony of force and their resistance at the time of rape by the railroad tracks.

It was shown that the boys met the girls at Cathy Lord's front porch, next to Lindy Peterson's house. Both girls' mothers were home at the time and although it is claimed the girls were forced to accompany the boys, the girls made no effort to call or seek help. A couple friendly to Lindy walked by the house while defendant, according to the testimony of Cathy, was stroking Lindy's hair and talking to her. The girls walked several blocks down the public streets with the boys, Cathy hand in hand with Carter, by her own statement "laughing and joking" and at times with her hand in his pocket. The boys left the girls alone for two or three minutes near a gas station while one or both of the boys climbed over a fence and the girls made no effort to escape or call out. Lindy greeted a friend of hers on the street and talked to her while she stood five feet away, without making any suggestion of needing help, although the witness said Lindy was crying and looked distressed over what the witness thought

to be a lovers' quarrel. The two couples climbed the steep railroad embankment (the defendant "helping her [Lindy] up") and walked a distance of six or seven city blocks along the tracks toward Johnson City before retracing their steps to the place where the crimes occurred. There were no calls for help and the girls testified to only limited physical resistance to defendant and Carter. Additionally, a medical examination later that night revealed no bruises, scratches or evidence of external injury on either of the girls. The prosecution had to meet this evidence and the obvious inference to be drawn from it. The victims claimed they were treated violently, that they tried to avoid defendant and Carter and that the boys forced them to go with them by holding their wrists and by making verbal threats to harm them. Under all the circumstances, the testimony of the prior assaults was relevant. It had substantial probative value concerning a material element in the case, the use of force. "It would seem that there is no way jurymen can ever determine whether a woman fails to resist attack because of fear * * * unless they consider the surrounding circumstances. Whether no resistance was offered because of fear is dependent on the state of a woman's mind". (*People* v. *Yannucci*, 283 N. Y. 546, 549.) Evidence of these prior assaults was relevant to explain the conduct of Lindy Peterson and to corroborate the testimony of her forcible rape at the railroad tracks, but proper instructions should have been given that the evidence was received for that limited purpose. It does not appear in the record that Cathy Lord had any knowledge of these prior assaults and they could not have had any bearing on her conduct. Furthermore, the evidence was not to be considered as proof of defendant's character, criminal tendencies or that he was predisposed to or did, in fact, commit the crimes charged. The limitation should have restricted the evidence to judging the reasonableness of the conduct of Lindy Peterson, who had knowledge of these prior assaults, in determining whether the intercourse with her was consummated by "forcible compulsion". (Penal Law, § 130.00, subd. 8.)

Counsel for defendant preserved these errors for our review. The general objection that the testimony of the prior consensual intercourse between defendant and Lindy Peterson was irrelevant and immaterial was sufficient since this evidence was not relevant to any issue in the case. (*M. Groh's Sons* v. *Groh*, 177 N. Y. 8.) The objections with respect to the testimony of the prior assaults similarly indicated that the assault evidence lacked relevance and materiality in the two indictments before the court even though no limiting instructions were requested. Counsel

not only made timely objection to the evidence, he moved for a mistrial after its repetition and excepted to a recapitulation of this evidence in the court's charge. Even if these efforts to protect the record are deemed inadequate, the prejudicial effect the receipt of this evidence undoubtedly had upon the jury's determinations requires a reversal and a new trial in the interests of justice. (Code Crim. Pro., § 527; *People* v. *Hoban,* 28 A D 2d 562; *People* v. *Bajramovoc,* 28 A D 2d 622.)

The judgment should be reversed, on the law and the facts, and a new trial ordered.

STALEY, JR., J. (dissenting). We find no error sufficient to require a new trial.

Defendant was indicted and charged with the crime of rape in the first degree, two counts, committed upon a 17-year-old girl, and a 13-year-old girl. At the trial the 17-year-old complainant testified that defendant had sexual relations with her in the month of January, 1969 when she was 15 years old; that, in the same month, defendant had assaulted her; and that, in the month of June, 1969 defendant had again assaulted her.

Defendant now contends that the admission of this evidence of prior criminal acts over his objections constituted prejudicial error; that there was insufficient corroboration of force; and that the District Attorney's summation was prejudicial.

As a general rule, evidence of prior crimes may not be introduced by the People to prove the likelihood of defendant having committed the crime in issue. There are a number of exceptions to this general rule, which permit the introduction of such evidence to prove motive, intent, lack of mistake or accident, common scheme or identity. (*People* v. *Molineux,* 168 N. Y. 264, 291–294.) Another exception to the general rule is where the evidence offered has a natural tendency to corroborate or supplement admitted direct evidence. (*People* v. *Thompson,* 212 N. Y. 249.) Evidence in a case of rape in the first degree of the commission of prior acts of sexual intercourse between the same parties is competent as tending to establish the commission of the particular act alleged, or in corroboration of witnesses testifying to such alleged act. (*People* v. *Grauer,* 12 App. Div. 464.)

The time involved between the commission of the crimes charged and the prior acts merely goes to the weight of the evidence and not to its admissibility and the determination of whether such collateral evidence is too remote, rests in the discretion of the trial court. (*People* v. *Rutman,* 260 App. Div. 784.) In this case it cannot be said that the prior act was too remote. The prior relations between the parties tended to establish the

motive and intent of the defendant, and to corroborate the testimony of the complainant. (*People* v. *Thompson, supra.*)

The evidence of the prior assaults was also admissible, it being material and relevant on the issue of forcible compulsion involved in the case, and further tended to corroborate the complainant's testimony as to threat and fear of serious injury. Evidence of the prior acts of assault by the defendant upon the complainant were facts which a jury might consider in evaluating her state of mind, and the reasonableness of her actions when confronted by the defendant and forced to accompany him to the scene of the crime, and in the consummation of the crime itself. (*People* v. *Yannucci*, 283 N. Y. 546.) Evidence which is material and relevant to an issue or issues is admissible even though it tends to establish the commission of other crimes. (*People* v. *Goldstein*, 295 N. Y. 61.) The absence of an instruction as to the limited purpose for which evidence of prior offenses is admissible is not available for review by this court for lack of an appropriate exception to the charge or request for such an instruction (Code Crim. Pro., § 420-a).

Defendant's contention that there is insufficient corroboration of force is without merit. The testimony of each of the girls as to hearing screams from the other during the commission of the respective rapes coupled with the testimony of their mothers as to their condition when they arrived home, and the testimony of the doctor who examined them shortly after the alleged rapes were committed constituted ample corroboration. (*People* v. *Dow*, 34 A D 2d 224.)

Appellant finally contends that the prosecutor made remarks in his summation which constituted prejudicial error. Taken out of context, some of the prosecutor's remarks might be considered prejudicial but in context, they constituted no more than an appeal to the jury to determine the question of guilt or innocence upon the facts in issue rather than on extraneous matters. Moreover, defendant made no objection to such remarks. (*People* v. *Grandone*, 35 A D 2d 587, affd. 28 N Y 2d 733.)

The judgment should be affirmed.

COOKE and SWEENEY, JJ., concur with SIMONS, J.; REYNOLDS, J. P., and STALEY, JR., J., dissent, and vote to affirm, in an opinion by STALEY, JR., J.

Judgment reversed, on the law and the facts, and a new trial ordered.