■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOUIS TASTA-MARA, Also Known as LOUIS TESTAMARK, Appellant.— Judgment, Supreme Court, New York County, entered on January 26, 1971, convicting the defendant, after trial, of robbery in the first degree, attempted assault in the second degree, petit larceny and possession of a weapon as a felony, affirmed. As is indicated in the dissenting opinion, the evidence of the defendant's guilt is overwhelming. Seldom has this court examined a record where a defendant's guilt is so clearly demonstrated. No error is found in the court's charge to the jury. Nor was there any request by the defendant for any further instructions to the jury. Hence, the defendant's contention that the court erred in failing to submit lesser included offenses to the jury is untenable, as the rule is well established that any alleged error of the court in this connection is waived by the defendant unless objection is made thereto or request made therefor. (*People* v. *Jordan,* 125 App. Div. 522; *People* V. *Mussenden,* 308 N. Y. 558.) In the latter case (p. 566) writing on this same subject, the court said: "We need not, though, concern ourselves with that possibility, since no request was made to submit that crime to the jury." It is further noted that, while it is not applicable to the case at bar because it was not in existence at the time of the trial, CPL 300.50 (subds. 1, 2) in effect, codify the rules as they existed at that time. Under the circumstances disclosed, the fact that the defendant chose to refuse the assistance of counsel is irrelevant. We cannot apply one set of trial rules in cases where defendant is represented by counsel and different rules where defendant rejects counsel and chooses to follow his own strategy. Conceivably, cases may arise where the failure to have counsel may have contributed to a substantial failure of justice and, in such cases, courts have not hesitated to order a new trial. However, that is not the case at bar where the guilt of this defendant is so clearly demonstrated. Concur — Markewich, J. P., McNally, Steuer and Capozzoli, JJ.; Murphy, J., dissents in part in the following memorandum: After a jury trial, defendant was convicted of robbery in the first degree, attempted assault in the second degree, petit larceny and possession of a weapon as a felony in connection with his activities in a Manhattan liquor store on Christmas Eve, 1969. During the course of the evening's events defendant's wrist was grabbed by the store owner while it was literally in the till, and he was thereafter shot in the stomach, hit over the head with a bottle, caused to fall through a glass door and then apprehended following a brief chase. Accordingly, we are not here concerned with any question of a mistaken identification, or with the legal sufficiency of the evidence to establish guilt. Three customers, all eyewitnesses, testified to what transpired; as did the store-owner and his employee. However, only the latter two witnesses claimed that any money ($200) had been taken from the register before the altercation began; with the other witnesses unable to corroborate the fact. Significantly, although defendant was severly injured and immediately apprehended, no money was found in his possession (and only $20 was found in the immediate vicinity of the

premises). Accordingly, the jury could have disbelieved the storeowner (whose claimed loss was covered by insurance) and his employee; and, instead, concluded that defendant's attempted robbery had been thwarted. The jury's concern with this aspect of the case is clearly demonstrated by their interruption of deliberations to inquire: "If defendant did not actually take money from cash register can this be petit larceny?" The trial court responded by rereading the following portion of its previous charge: "To constitue a larceny there must be an act that indicates defendant's intention to obtain or withhold the personal property from the rightful owner and appropriate it to himself. The period of time that the defendant has had the property in his possession is not important. It is the wrongful taking, obtaining it, with the intention to appropriate it permanently, that constitutes larceny." In my view, this was clearly not responsive to the question nor to the problem confronting the jurors. The Trial Judge's response presupposed possession, whereas the jurors desired to be instructed on their options if they found that defendant never obtained it. The trial court's obligation where, as here, the defendant has no active attorney, is to charge lesser included offenses when there is ample basis in the evidence to find defendant guilty of such lesser offenses. (Code Crim. Pro., § 444; *People* v. *Mussenden*, 308 N. Y. 558; see, also, CPL 300.50.) The evidence and the jury's question supply the basis for a charge of the lesser included crimes. In the circumstances here presented, the court should have submitted to the jury the lesser offenses of attempted robbery and attempted petit larceny; and its failure to do so seriously prejudiced defendant and constitutes reversible error. (Code Crim. Pro., § 427; *People* v. *Miller*, 6 N Y 2d 152.) While concededly defendant (who refused to participate in the proceedings below and would not allow his assigned counsel to do so) failed to object to the charge and did not request the submisson of lesser included offenses, we are not thereby precluded from reversing the conviction in the interest of justice. (*People* v. *Tillman*, 25 A D 2d 627.) Accordingly, since I find no merit to appellant's other assignments of error, I would modify the judgment appealed from to the extent of reversing defendant's convictions of robbery in the first degree and petit larceny, and remand for a new trial on such charges; and otherwise affirm.