■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORENZO JONES, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered March 17, 1978, upon a verdict convicting defendant of two counts of sodomy in the first degree. On October 27, 1977, the defendant and one Fordiin Tas were indicted and charged with two counts of sodomy in the first degree committed on September 10, 1977 at 8:45 P.M. and 8:50

P.M. at the Albany County Jail. Both counts of the indictment related to the same victim, William Constable. At the trial, the People offered as evidence the testimony of William Constable who identified the defendant as his assailant, and who had identified the defendant on the morning after the incident in a show-up procedure at the jail. On February 21, 1978, the case was reached for trial, at which time the Assistant District Attorney prosecuting the case advised the court that he had been informed that there was a show-up procedure conducted at the jail the morning after this particular incident, and that the defendants had not been noticed of this procedure. The court denied the motion to preclude, granted the motion of the District Attorney to amend the notice of trial to include the notice of some on-scene show-up and directed a *Wade* hearing on the question of whether the identification of the defendants by complainant should be suppressed. After the hearing, the court denied the motion to suppress stating that nothing occurred that was suggestive with respect to the out-of-court identification procedure of September 11, 1977 and that, regardless of the procedure of September 11, 1977, there was sufficient independent source for the identification of the defendants by the victim, William Constable. Defendant contends that it was prejudicial error for the trial court to excuse the People's failure to comply with CPL 710.30 by reason of office failures. CPL 710.30 (subd 2) provides that the notice of intention to use testimony of the observation of a defendant by a witness at the trial must be served within 15 days after arraignment, and before trial, and upon such service the defendant must be accorded reasonable opportunity to move before trial to suppress the specified evidence. Subdivision 3 of that section, however, provides "In the absence of service of notice upon a defendant as prescribed in this section, no evidence of a kind specified in subdivision one may be received against him upon trial unless he has, despite the lack of such notice, moved to suppress such evidence and such motion has been denied and the evidence thereby rendered admissible as prescribed in subdivision two of section 710.70." Here, the defendant moved to suppress the evidence, despite the lack of notice, and the motion to suppress was denied rendering the evidence admissible. Further, any in-court identification of the defendant by the victim, William Constable, on this record would have had an independent source and origin owing to his familiarity with the defendant as a coinmate in the same tier of cells at the Albany County Jail for a period of at least one month. In such a case, the notice required by CPL 710.30 would not be required (*People v Putnam,* 55 AD2d 608; *People v Gray,* 47 AD2d 674). There was, therefore, no prejudicial error requiring reversal. Defendant next contends that his trial was permeated by references and physical evidence of a crime not charged in the indictment, that is, an assault upon another inmate of the jail, named William Gailley, which occurred just prior to the crimes charged. Defendant objected to this testimony, and his objections were overruled. He now urges that such evidence was unduly prejudicial, irrelevant and inadmissible. Defendant, by his plea of not guilty, raised the issue of consensual sodomy, and also raised this issue on motions made at the close of the People's case, and upon summation by questioning the evidence as to the amount of force used and the resistance offered by the victim. The record reveals that the victim witnessed the prior assault upon William Gailley in the cell block. This testimony of the prior assault had, therefore, substantial probative value concerning a material element in the case, the use of force, and was admissible to explain the conduct of the victim and to corroborate the testimony of forcible sodomy (*People v Bercume,* 38 AD2d 356; *People v*

*Johnson,* 37 AD2d 218, affd without opn 30 NY2d 776). Defendant's final contention is that the admission into evidence of photographs and medical records concerning the condition of William Gailley on the day following the assault was error. In allowing the introduction into evidence of these photographs, the court alluded to the fact that there had been an attack upon the testimony of William Constable as being some recent fabrication in that the defense attempted to show that nothing, in fact, did happen with respect to William Gailley, and that, under such a situation, the prosecution had the right to bring in something which would show that this was not some recent fabrication, but that it actually occurred. The court also stated, however, that "the matter concerning Gailley also becomes relevant as to the effect upon the mind of the complaining witness Constable with respect to what he would anticipate if he were to resist the defendants, or whoever else he had to resist on the question of forcible compulsion". On the premise that the assault on William Gailley is relevant to the issues of force and consent, the photographs depicting the injuries sustained by William Gailley were properly admitted for purposes of establishing that an attack was actually made upon him and for the limited purpose of proving the necessary elements of the crime charged against the defendant *(People v Johnson, supra).* The court also instructed the jury as to the limited purpose for which the photographs were admitted. The judgment of conviction should be affirmed. Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Main, JJ., concur.