■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT RAY SMITH, Appellant.—Appeal from a judgment of the County Court of Clinton County, rendered March 2, 1979, upon a verdict convicting defendant of the crime of robbery in the first degree. The record contains evidence that on the night of November 27, 1978, two black men entered a store in Plattsburgh; one of the men threatened the proprietor with a knife; and the men then fled the premises with $157.80 in cash from the cash register, together with a six-pack of Genesee beer. The proprietor promptly notified the police and gave a description of the men as being black, one six feet tall and wearing a three-quarter length navy blue denim jacket, one five feet nine inches tall and wearing a drab green army fatigue jacket with a dark jacket, vest and a brightly colored Hawaiian-type shirt under it. The details of the burglary and a brief description of the robbers were broadcast to the Plattsburgh police and two patrolmen soon thereafter observed two males in a car, one of whom was black and wearing a fatigue-type jacket. The car stopped and the officers then observed that the other male was also black and wearing a blue denim jacket. The officers asked the men for identification and one officer radioed headquarters whereupon he was advised that the *robber* wearing a fatigue jacket also had on the loud-colored shirt. The officer observed that the black male in the car with a fatigue jacket was wearing such a shirt and thereupon the defendant and the other man were taken into custody. The defendant contends that the police lacked a sufficient basis for the initial contact with him. However, given the facts of a robbery and the preliminary observation that in some respects the defendant and his companion resembled the description of the robbers, the police certainly met the requirement of having "articulable facts" reasonably justifying an intrusion on the defendant's freedom. *(Terry v Ohio*, 392 US 1; *People v De Bour*, 40 NY2d 210.) Further, the above facts amply justify the arrest of the defendant following further description of the clothing worn by the robbers via the police radio. The probable cause for the arrest is patent. The trial court properly refused to suppress the evidence secured from the defendant in the search of his person, which followed his arrest. The record contains ample circumstantial evidence which excludes any other reasonable conclusion than guilt and the jury verdict is supported by proof of guilt beyond a reasonable doubt. The remaining contentions of the defendant have been considered and we find no errors which would require a reversal of the conviction. Judgment affirmed. Mahoney, P. J., Greenblott, Kane, Main and Herlihy, JJ., concur.