■ THE PEOPLE OF THE STATE OF NEW YORK Respondent, v RICHARD J.

BENOIT, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered October 18, 1977, upon a verdict convicting defendant of the crimes of criminal possession of stolen property in the second degree and criminal trespass in the third degree. Defendant was indicted on charges of burglary in the third degree (Penal Law, § 140.20) and criminal possession of stolen property in the second degree (Penal Law, § 165.45, subd 1). After a trial, defendant was convicted of criminal trespass in the third degree and criminal possession of stolen property in the second degree. On this appeal, he raises several issues urging reversal, only two of which require comment by us. The record reveals that defendant, accompanied by two accomplices, rode in or perhaps drove a motor vehicle without the owner's consent for a period of some eight hours; that the ignition switch had been torn out and the car had been "hot-wired"; and that after the car got low on gas the three entered a nearby garage to find equipment to syphon gas from a car parked in the driveway. Much of the testimony of the accomplices and defendant was conflicting. The defendant contends that the court erred in failing to submit the charge of unauthorized use of a vehicle to the jury. While the court may have properly submitted such a charge to the jury, there was no request to do so and no objection for failing to so charge. It is well established that any alleged error by the court is waived unless there is a request to charge or an objection for failure to charge *(People v Mussenden,* 308 NY 558, 566; *People v Tastamara,* 40 AD2d 645; CPL 300.50, subds 1, 2). We also reject defendant's contention that the testimony of the accomplices was not adequately corroborated as required by CPL 60.22. It is unnecessary to exclude to a moral certainty every hypothesis but that of wrongdoing, but rather, all that is necessary is to connect the defendant with the crime in such a way that the jury may be reasonably satisfied that the accomplice is telling the truth *(People v Daniels,* 37 NY2d 624, 630; *People v Ross,* 68 AD2d 962, 963). It is significant that here defendant took the stand and admitted he was in the car and learned that the car was stolen when it ran out of gas. At that point in time, he and the others were in the process of obtaining utensils to syphon gas for the vehicle. There was also proof by the owner of the vehicle that she did not authorize anyone to use it and that the ignition switch had been pulled out. Considering the proof in its entirety, we are of the view that there was sufficient corroborative evidence tending to connect defendant with the crime of criminal possession of stolen property in the second degree. We have considered all other contentions raised by defendant and find them to be without merit. The judgment should be affirmed. Judgment affirmed. Greenblott, J. P., Sweeney, Kane, Mikoll and Herlihy, JJ., concur.