■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARCHIE MYRON BANKS, Appellant.—Appeal from a judgment of the County Court of Sullivan County, rendered March 26, 1979, upon a verdict convicting defendant of.the crimes of (1) robbery in the second degree, (2) unauthorized use of a motor vehicle, and (3) assault in the second degree. On Friday evening, September 22, 1978, Richard Rosciano, a 69-year-old retired printer, was driving alone along Broadway in Monticello when he saw defendant standing on Broadway. Mr. Rosciano recognized defendant and he stopped his car and offered him a ride. Defendant told Mr. Rosciano that he had to go to South Fallsburg. Mr. Rosciano said he was going to the Shop-Rite store and could take him. As they started down Route 42, defendant said he would like to call his friend in Fallsburg first. Rosciano stopped at a telephone booth on the left side of the road, where defendant grabbed him by the throat knocking his glasses off, and began choking him, and asking for his license and wallet. In the struggle, Rosciano's hearing aid was knocked off, and defendant reached into Rosciano's pocket. According to Rosciano, defendant either took or he gave him what money he had, consisting of a five dollar bill and two to four singles. During the struggle, Rosciano managed to open the car door and he either fell or was pushed out of the car, whereupon defendant drove off with the car. Rosciano attempted to flag down several automobiles, with no success. He then walked down the road until he reached a gas station, where he called the police. The police arrived, obtained his story, and took him to the hospital for treatment. Later that evening the police were called to an automobile accident at the intersection of Old Route 17 and the Thompsonville Road. At that location, they found Mr. Rosciano's car wrecked, and, after a conversation with people at the scene, proceeded eastbound down Route 17 to locate the occupants of the wrecked car. They.found defendant and Carl Albert Jones, Jr., and arrested both of them. Defendant testified that he was walking down Broadway when he heard a horn blowing, and Rosciano motioned to him to come over to the car. Although he previously testified he was returning to a friend's house, he testified that he told Rosciano that he was trying to get to New York, and Rosciano told him to get in and he would take him to New York. As

they proceeded down Route 42, Rosciano went past the New York route sign, and put his hand on defendant's thigh and started rubbing it. Defendant removed his hand, and a short distance later Rosciano again put his hand on his thigh, and he removed it again. Rosciano then turned into a gas station which was closed and again grabbed his leg, whereupon defendant pulled Rosciano out of the car, and drove off with the car. He denied choking or hitting Rosciano, or stealing his money. Carl Jones, Jr., testified that, on September 22, 1978, between six and seven o'clock, he was hitchhiking on Broadway in Monticello when he was picked up by defendant, and told defendant he was going to South Fallsburg. Defendant said, "Okay". As they proceeded along Route 42, he saw a man with his hands up and yelling. He described the man as old, with white hair and a beard. He pointed him out to defendant, and defendant said, "Yes, I beat him up and took his car", and "I was married to his daughter". He also testified that defendant was wearing a yellow jacket with blood stains on it, and when he mentioned the blood on the jacket defendant took it off and threw it out. Shortly thereafter, they were involved in an accident. The jury convicted defendant of robbery in the second degree, assault in the second degree, and unauthorized use of an automobile. On March 26, 1979, he was sentenced to terms of three to nine years, two and one-third to seven years, and one year, respectively, all to run concurrently. Defendant contends that the evidence was insufficient to support a conviction of robbery in the second degree, and assault in the second degree, and that the convictions on these counts were against the weight of the evidence. Specifically, defendant contends that he was charged with robbery in the second degree for having forcibly stolen an automobile and $7 in cash, and the charge of assault in the second degree was for inflicting injury during the commission of a felony, which would be robbery or grand larceny. It is asserted that, since he was convicted of the unauthorized use of an automobile instead of grand larceny, the felony robbery conviction could only stand on the forcible stealing of $7 in cash. Questions of fact, credibility of the witnesses, and the weight of the evidence are all matters within the province of the jury, and, unless the evidence is insufficient as a matter of law, there must be an affirmance (People v De Tore, 34 NY2d 199, 206). Here, the jury could properly accept the testimony of the complaining witness as to the cash, and reject the testimony of defendant. It cannot, therefore, be said that the verdict was against the weight of the evidence. Defendant next contends that the District Attorney should have been prohibited from offering testimony by the complaining witness of the identification of defendant because of his failure to comply with CPL 710.30. Although this section (CPL 710.30, subd 1, par [b]) provides that a notice of intention on the part of the People to offer at trial "testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him as such" must be served within 15 days after arraignment, it also provides as follows (CPL 710.30, subd 3): "In the absence of service of notice upon a defendant as prescribed in this section, no evidence of a kind specified in subdivision one may be received against him upon trial unless he has, despite the lack of such notice, moved to suppress such evidence and such motion has been denied and the evidence thereby rendered admissible as prescribed in subdivision two of section 710.70." It is uncontroverted that defendant was not given the required notice. Defendant, however, in opposing a motion by the District Attorney, cross-moved to suppress any in-court identification testimony. A suppression hearing was held, and the motion

was denied. The evidence was thereby rendered admissible *(People v Jones,* 69 AD2d 912). Although defendant does not raise the issue on the facts in this case, "the defendant could not have committed the robbery, second degree, of which he was convicted, without causing physical injury to one of the victims during the course of that felony—the foundation of the assault conviction". *(People v Thompson,* 59 AD2d 672.) Assault in the second degree being a lesser included offense of robbery in the second degree, as a matter of discretion, and, in the interest of justice, the conviction of assault in the second degree must be reversed, and the count dismissed *(People v James,* 70 AD2d 939). Judgment modified, as a matter of discretion in the interest of justice, by reversing the conviction of assault in the second degree, vacating the sentence imposed thereon and dismissing said count, and, as so modified, affirmed. Greenblott, J. P., Staley, Jr., Main, Mikoll and Casey, JJ., concur.