■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY EDGE, Appellant.—Casey, J. Appeal from a judgment of the County Court of Rensselaer County (Harris, J.), rendered January 29, 1985, upon a verdict convicting defendant of the crime of burglary in the third degree.

On December 1, 1983 at about 2:15 A.M., during the course of an investigation of a burglary at the Standard Furniture store in the City of Troy, a police radio dispatch included a report of two black males seen running from the area of Standard Furniture and a brown Plymouth parked in an alley. Shortly thereafter, Troy Police Officers John Mahar and George Anderson observed a brown Plymouth parked about four blocks from Standard Furniture, from which a female passenger was being discharged. As the Plymouth started to leave, the officers pulled it over and asked defendant, who was its driver, for his license and registration. Defendant gave the requested information to Mahar and asked why he was

stopped. Mahar told him about the burglary and that his vehicle fit the description of the vehicle seen leaving the scene. Defendant stated he had not been near Standard Furniture for years and that he was just coming from work. Mahar returned defendant's driver's papers and permitted him to leave.

Later, Gerald Brunson, an accomplice who later pleaded guilty to burglarizing Standard Furniture, identified defendant's car as the vehicle used in the commission of the crime and related defendant's participation. Equipped with this information, the police went to defendant's apartment at about 3:00 A.M. on December 1, 1983 and told defendant that Brunson had implicated him in the burglary. Defendant denied the charges and was not arrested or placed in custody at this time. The several items found outside Standard Furniture when the police first arrived at the scene were examined for fingerprints. One print matched defendant's fourth finger. Defendant never admitted his participation and relied on several alibi witnesses, who attempted to place him in a friend's apartment and at a local tavern. Defendant's wife and mother admitted that defendant had accompanied them to Standard Furniture between Thanksgiving and December 1, 1983. Defendant was found guilty as charged and sentenced to 3½ to 7 years' imprisonment as a second felony offender.

On this appeal, defendant argues that the independent evidence tending to connect him with the crime, as required by CPL 60.22 (1), was legally insufficient to corroborate the testimony of the accomplice. We do not agree. Independent corroborative evidence need only connect defendant to the commission of the crime; it need not prove that defendant committed it (see, People v Hudson, 51 NY2d 233, 238) and need not independently establish each element of the offense (see, People v Cunningham, 48 NY2d 938). Here, defendant's presence at the scene, although insufficient corroboration in itself (see, People v Wasserman, 46 AD2d 915, 916-917), is sufficient when coupled with defendant's print taken from one of the appliances found outside the store.

Defendant further contends that his statement that he had not been to Standard Furniture in years was impermissibly admitted into evidence as the fruit of an illegal stop. The police broadcast described the burglary suspects as black males driving a brown car. Defendant's car was brown and was stopped five minutes after the burglary was reported to the police and four blocks from the crime scene. In our view, these are articulable facts which reasonably warranted the

degree of intrusion *(see, People v Sobotker,* 43 NY2d 559; *People v Smith,* 72 AD2d 636, *lv denied* 49 NY2d 806, *cert denied* 449 US 849). Significantly, after defendant produced his license and registration he was not further detained, so the intrusion was minimal. As to defendant's statement that he had not been to Standard Furniture in years, this was not the result of custodial questioning and was clearly volunteered *(see, People v Roopchand,* 107 AD2d 35, 37, *affd* 65 NY2d 837). Defendant cannot claim that he failed to receive notice under CPL 710.30 that this statement was to be used against him, since he moved for the suppression of this statement and, after a hearing, his motion was denied *(see, People v Banks,* 77 AD2d 742, 743-744).

Clearly, the evidence offered at trial was sufficient to sustain the jury's verdict, with the direct eyewitness testimony of the accomplice and the sufficient corroboration as previously discussed.

In regard to defendant's claim that County Court erred in its alibi charge, we find the court emphasized that the burden of proof never shifted to defendant, and defendant failed to object to the charge as given *(see, People v Benoit,* 72 AD2d 648, 649). Further, we find that the People's summation did not create an inflammatory atmosphere or attempt to shift the burden of proof to defendant *(see, People v Whalen,* 59 NY2d 273).

As to the sentence, although it was the maximum, it was warranted considering defendant's prior conviction of robbery in the second degree, criminal trespass in the second degree, and a youthful offender treatment of a criminal trespass and petit larceny in 1974, as well as his juvenile record of burglary, shoplifting, criminal mischief and unauthorized use of a motor vehicle. The judgment of conviction should be affirmed.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Yesawich, Jr., JJ., concur.