■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. JACKSON, Appellant.—Casey, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered February 21, 1985, upon a verdict convicting defendant of the crime of rape in the first degree.

Defendant was indicted for the crimes of rape in the first degree, in violation of Penal Law § 130.35 (3), and sexual abuse in the first degree, in violation of Penal Law § 130.65 (3). Following the close of proof, County Court dismissed the second count of the indictment. The jury found defendant guilty of the crime of rape in the first degree as charged, and he was sentenced as a second felony offender to an indeterminate term of imprisonment of 12½ to 25 years.

Defendant's principal claim of error on this appeal concerns the pretrial ruling of County Court permitting the People, over defendant's objection, to introduce proof of prior uncharged acts of sexual intercourse between the victim and defendant. The court permitted introduction of the evidence to show "some amorous relationship", relying on *People v Thompson* (212 NY 249). Defendant's motion for a pretrial ruling was necessitated by the prosecutor's failure to answer the demand of defendant's bill of particulars as to whether prior uncharged crimes would be proved. The better practice would have been for the prosecutor to answer this demand *(see, People v Ventimiglia,* 52 NY2d 350, 361-362), but since a pretrial ruling actually occurred here, defendant was not prejudiced by the prosecutor's refusal *(see, supra)*.

In its charge, County Court instructed the jury that testimony as to acts of alleged sexual misconduct prior to the July through September 27, 1984 time frame of the indictment was admitted to show defendant's lewd disposition toward the victim and in no way was to be considered as indicating his criminal disposition to commit the crime charged. Despite these cautionary instructions, we consider the introduction of such evidence highly prejudicial and believe reversal is required.

The Court of Appeals has recently stated: "The primary duty of the fact finder * * * [is] to determine whether the victim's statements describing the * * * act charged in the indictment were credible. Her allegations concerning defendant's prior actions did not render her testimony pertaining to the charged crime more trustworthy because a witness cannot buttress her own testimony by making further unsubstantiated accusations. The victim's statements regarding the prior

uncharged crimes therefore carried no probative weight" *(People v Lewis,* 69 NY2d 321, 327-328). The essential elements of the charged crime are that defendant engaged in sexual intercourse with a female who is less than 11 years old (Penal Law § 130.35 [3]). The victim in this case was nine years old, so no issue of consent was involved. Evidence of prior acts of intercourse is, therefore, not relevant to any of these elements for defendant denied committing the acts of which he was accused *(see, People v Johnson,* 37 AD2d 218, 219, *affd* 30 NY2d 776). Nor can the evidence of prior acts be considered relevant on the issue of the corroboration that was required, at the time of the commission of the crime, by Penal Law § 130.16 *(see, People v Lewis, supra,* at 327).

Defendant secondly argues, without merit in our view, that reversal and dismissal of the indictment is mandated for lack of sufficient corroboration of the victim's testimony. However, we believe that the medical testimony and the testimony of the victim's brother, which was credited by the jury, was legally sufficient to satisfy the corroboration requirement of Penal Law § 130.16.

The judgment of conviction should, therefore, be reversed due to the introduction of proof of prior uncharged crimes, and a new trial is ordered.

Judgment reversed, on the law, and matter remitted to the County Court of Albany County for a new trial. Kane, J. P., Casey, Yesawich, Jr., and Harvey, JJ., concur.