■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNIE DANIELS, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Clinton County (Feinberg, J.), rendered March 19, 1986, upon a verdict convicting defendant

of the crimes of assault in the first degree and criminal possession of a weapon in the third degree.

On February 22, 1985 inmate Wyatt Brown was walking past three other inmates on his cellblock at Clinton Correctional Facility in Clinton County. He turned to respond to a comment and was stabbed in his left eye with a pencil and then beaten for approximately 40 seconds by one of the three inmates. Although Brown did not see who initially attacked him or who had the pencil, he recognized the distinctive brown boots worn by his assailant as those of defendant. During the beating, Brown was able to look up and see that defendant was his sole attacker. Brown's optic nerve was severed by the pencil and he was permanently blinded in his left eye. Defendant was convicted after a jury trial on charges of assault in the first degree and criminal possession of a weapon in the third degree.

Defendant contends that the identification proof was legally insufficient because the victim did not see defendant actually stab him in the eye and that the remaining proof was circumstantial and did not exclude to a moral certainty other inferences consistent with innocence. We disagree. Initially, the moral certainty exclusion test is inapplicable when, as here, the prosecution relies upon both direct and circumstantial evidence (see, People v Barnes, 50 NY2d 375, 380; People v Hathaway, 159 AD2d 748, 750). Defendant argues that his presence in the vicinity and the fact that the assailant wore defendant's unique boots is purely circumstantial evidence. However, Brown unambiguously testified that he looked up and directly saw that defendant was the sole assailant. Defendant and the victim were personally acquainted with one another and resided in the same prison gallery. Defendant's contention that the stabbing was distinct from the remainder of the assault is unsubstantiated and without basis. On appeal from a guilty verdict the evidence must be viewed in a light most favorable to the People, and it must be presumed that the jury credited the prosecution witnesses (People v Lyng, 154 AD2d 787, 789, lv denied 74 NY2d 950). It was within the sole province of the jury to accept or reject the evidence. We find the proof sufficient to establish defendant as the sole assailant, and there is no basis to believe that the jury failed to properly weigh the evidence (see, People v Bleakley, 69 NY2d 490, 495).

Defendant's remaining contention is that County Court improperly denied his request to charge on the issue of identification. A trial court is not bound to use the specific language requested by defense counsel, provided that the

charge given adequately apprises the jury of the governing law *(People v Dory,* 59 NY2d 121, 129). Despite defendant's characterization of the issue as solely one of identification, it is more properly characterized as the credibility of the victim who testified that the stabbing was part of a continuous assault by defendant. The charge specifically addressed the credibility issue and the instructions to the jury on the issue of identification within the charge as a whole were appropriate *(see, People v Canty,* 60 NY2d 830, 831-832).

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.