■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD RIVERS, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Schenectady County (Simone, J.), rendered February 15, 1989, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the first degree.

In late October 1987, the Schenectady Police Department received information from a confidential informant that defendant (known initially to the police only by his street name of "L.A.") was selling illegal drugs from the apartment of a friend where he was staying in the City of Schenectady, Schenectady County. As a result of this information, a surveillance of the apartment by law enforcement officials was commenced which culminated on December 8, 1987 when defendant was arrested. At the time of the police raid (pursuant to a valid search warrant), defendant was discovered in the upstairs front bedroom along with two male visitors to the apartment who were arrested along with him. The two female residents of the apartment, who were in the bathroom and back bedroom at the time of the execution of the warrant, were also arrested. Located a few feet from defendant was some marihuana, approximately $1,500 in cash as well as a blue gym bag containing 2.2 pounds of cocaine. Downstairs in the kitchen, a triple beam scale and locked sentry box belonging to defendant were also discovered. Inside the sentry box was some more marihuana, over two ounces of cocaine in a plastic baggie and over $18,000 in cash. Based on this, defendant was indicted for criminal possession of a controlled substance in the first degree. Following a jury trial, defendant was convicted of the charged crime and sentenced as a predicate felon to 20 years to life in prison. This appeal followed.

Initially, we reject defendant's contention that the People failed in their burden of proving at trial that he was in constructive possession of over four ounces of cocaine *(see,*

Penal Law § 220.21 [1] ).* The People's evidence, viewed in the most favorable light *(see, People v Mosiurchak,* 157 AD2d 1023, *lv denied* 75 NY2d 968), sufficiently established that defendant exercised such dominion and control over the cocaine as to constitute constructive possession *(see, People v Torres,* 68 NY2d 677). The evidence linking defendant to the apartment, the front bedroom, and the cocaine found in both the bedroom and kitchen was substantial. Specifically, the People's evidence proved that defendant stayed at the apartment leased by Vanessa Garris on a regular basis. This testimony was confirmed by Catherine Marsh, who also was staying in the apartment. Marsh testified that although defendant mainly slept on the downstairs sofa, he also slept upstairs on occasion. Significantly, in the upstairs front bedroom where the 2.2 pounds of cocaine were found, the police observed men's clothing and toiletries *(see, People v Vasquez,* 142 AD2d 698, 700, *lv denied* 72 NY2d 1050). Defendant's birth certificate was found on the floor in a group of papers and the pocket of his leather jacket, also found in the vicinity of the drugs, contained the bill of sale and title for defendant's new automobile. Prior to the time the police arrived, Marsh testified that she saw defendant in the front bedroom counting the large sum of cash contained in the sentry box which also contained the baggie of cocaine. Marsh related how defendant often went to New York City and then came back carrying cocaine in a bag which he then broke up to sell. Notably, by his own admission, defendant had just arrived in Schenectady from New York City prior to his arrest. Although Marsh did not recognize the police photograph of the gym bag found in the front bedroom, she testified that defendant was always coming into the house carrying a gym bag or shoulder bag of some sort. This evidence, as well as other connecting evidence presented at trial, cumulatively convinces us that the People sufficiently satisfied their burden at trial.

While we agree with defendant that Marsh was an accomplice whose testimony required corroboration (CPL 60.22), we note that defendant apparently never requested an accomplice charge at trial. Accordingly, he waived his right to contest this error on appeal (CPL 470.05 [2]; *see, People v Conklin,* 139 AD2d 156, *lv denied* 72 NY2d 1044). However, because defendant sought an order of dismissal at the close of the People's

* We note parenthetically that the record contradicts defendant's contention that County Court failed to charge the jury on the principles of constructive possession.

case based upon the alleged insufficiency of evidence, the issue of whether the necessary corroborative evidence had been introduced was preserved *(see, People v Conklin, supra,* at 160). Looking to the evidence we find that Marsh's evidence was more than adequately corroborated by both the observations of the police who conducted the surveillance and raid, by the physical evidence found at the scene and by the evidence of other witnesses. Accordingly, defendant cannot prevail on this ground.

The remaining issues raised by defendant have been examined and found to be unpersuasive. Since defendant did not request that any lesser included offenses be charged at trial, any alleged error of County Court in this regard is waived *(see, People v Purcell,* 103 AD2d 938; *People v Tastamara,* 40 AD2d 645). Additionally, we find no reversible error in the court's action in allowing the People to cross-examine defendant concerning the ownership of his vehicle. Since the bill of sale and title for the vehicle found in the front bedroom of the apartment listed defendant's sister as the title owner of the car, it was necessary, because of the People's burden of proof of constructive possession, to establish that defendant was the true owner of the car and the papers found in the room were connected to him.

Finally, we reject defendant's contention that County Court erred by not granting his request to give a circumstantial evidence charge. Although the cocaine in the upstairs bedroom was proven to be in defendant's constructive possession by circumstantial evidence, the cocaine in the sentry box was connected to defendant by Marsh's direct testimony. It is well settled that there is no necessity to give a circumstantial evidence charge when the evidence consists of both direct and circumstantial evidence *(People v Daniels,* 161 AD2d 958; *People v Greiner,* 156 AD2d 813, *lv denied* 75 NY2d 919).

Judgment affirmed. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.